```
Arif Durrani #09027-014
Propria Persona
FCI-Victorville I
P.O. Box 5300
Adelanto, CA 92301
```

FILED
CLERK, U.S. DISTRICT COURT
OCT - 2 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARIF DURRANI,

    Petitioner,

v.

S.A. HOLENCIK,

    Respondent.

Case No. CV 06-06281 PA

PETITION FOR WRIT OF HABEAS CORPUS/ERROR PURSUANT TO 28 U.S.C. §2241

**IMMEDIATE RELEASE**

    **COMES NOW**, the Petitioner, Arif Durrani, acting in propria persona, respectfully submits this Petition for Writ of Habeas Corpus/Error, pursuant to 28 U.S.C. §2241 and all other Federal Rules, Regulations and Procedures.

    The Petitioner is currently incarcerated at the Federal Correctional Institution-Victorville in Adelanto, California and is in propria persona. Therefore, the Petitioner is without and lacking counsel and prays that this Petition will suffice the Court in the proper filing and procedure.

    The Petitioner hereby moves this Honorable Court for an **immediate RELEASE**. If person has been extradited for one of the offense(s) and tried...."[E]xtradition from foreign country - Person who had been extradited from foreign country for trial on charge of particular offense, but was tried for different offenses

LODGED
CLERK, U.S. DISTRICT COURT
SEP 2 5 2006
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

DOCKETED ON CM
OCT - 6 2006
BY _____ 001

in violation of Extradition Treaty between United States and such foreign country, was entitled to RELEASE on habeas corpus by the federal court on ground that state court was without jurisdiction." [**Cosgrove v. Winney**, (1899) 174 U.S. 64, 43 L.Ed 897, 19 S.Ct. 598; and **Cohn v. Jones**, (1900, DC Iowa) 100 F 639].

The Petitioner prevailed on the fraudulent Indictment (No. CR 99-470-PA) which was DISMISSED with prejudice by the government on September 23, 2005, and he **must** be RELEASED and **given** REASONABLE TIME to return to the country of asylum he was illegally abducted from by the United States Government Agents.

"[W]here accused person was extradited and brought up to the United States from Canada....it was held that he had not been allowed reasonable length of time after final disposition of charge on which he had been extradited, to return to Canada, and that second arrest was illegal." (See **Cosgrove v. Winney**, (1899) 174 U.S. 64, 43 L.Ed 897, 19 S.Ct. 598).

"[U]ntil he had reasonable time to return to country from which he was brought." (See **U.S. v. Rauscher**, (1866) 119 U.S. 407, 30 L.Ed 425, 7 S.Ct. 234; see also **Kev. v. Ill**, 7 S.Ct. 225 (1886) 119 U.S. 436, 30 L.Ed 42).

The Petitioner was not allowed to return to the country from whose asylum he was abducted and kidnapped from by three (3) U.S. Marshals from the Central District of California, pursuant to a fraudulent Indictment (No. CR 99-470-PA) which was DISMISSED on September 23, 2005.

"[P]erson entitled to exemption from prosecution for different offense from that for which he had been extradited, until reasonable opportunity had been accorded him to return to country from which he was extradited, could

1  not waive right of exemption so as to preclude him from taking advantage of it." (Exparte Coy (1887 DC Tex) 32 F 911)

Assistant U.S. Attorney, William A. Crowfoot, conspired with AUSA, William P. Cole, in violation of 18 U.S.C.S. §§241 and 242, to hold the Petitioner on behalf of AUSA, William P. Cole; even though AUSA, William A. Crowfoot, knew it was illegal to hold the Petitioner after the Indictment (No. CR 99-470-PA) was DISMISSED.

The Petitioner was only abducted for the fraudulent Indictment (No. CR 99-470-PA) and he must be allowed to RETURN back to the country from whose asylum the Petitioner was abducted and kidnapped, after conclusion of the proceeding(s) and DISMISSAL of the Indictment (No. CR 99-470-PA).

The Petitioner requests discovery of (a) all correspondence, notes and any other means of communication between the U.S. Attorney's Office in the Central District and the U.S. Attorney's Office in the Southern District, to establish that both AUSA, William A. Crowfoot, and AUSA, William P. Cole, conspired under Titles 18 U.S.C.S. §§241 and 242 to violate the Petitioner's constitutionally protected right(s) and had kidnapped the Petitioner without extradition on the fraudulent Indictment (No. CR 99-470-PA); and (b) all documents, correspondence between any agency, U.S. Attorney's Office, and the U.S. Embassy in Mexico City, U.S. Consulate in Tijuana, Mexico, and any office, agency of the Mexican Government that was instrumental in the pre-planning, arrangement and actual kidnapping of the Petitioner from Mexico to Los Angeles, California; and (c) all correspondence

notes, etc., that will establish violations of the Privacy Act by Javier Pacheco and Robert Federico, when they bribed the Mexican Immigration Authorities and provided them with information that is covered under the Petitioner's Privacy Act. (Mr. Pacheco and Mr. Federico are both with the U.S. Consulate in Tijuana, Mexico).

These documents are essential and **must** be DISCLOSED to the Petitioner in order for him to have this §2241 Motion/Writ of Habeas Corpus adjudicated.

**THEREFORE,** the Petitioner requests that he be RELEASED immediately and also be PROVIDED the documents requested. The Petitioner has shown good faith and good cause to GRANT this Motion in the interest of justice.

**RESPECTFULLY SUBMITTED** on this 28th day of August, 2006.

                                                              Arif Durrani/Petitioner
                                                              Propria Persona