1  Arif Durrani #09027-014
2  FCI-Victorville I
   P.O. Box 5300
3  Adelanto, CA 92301

4  In Propria Persona



5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  ARIF DURRANI,                    )
                                     )    Case No. CV 06-06281 PA
12     Petitioner/Plaintiff,         )
                                     )
13  v.                               )
                                     )    SUPPLEMENTAL BRIEF
14  S.A. HOLENCIK,                   )
                                     )
15     Respondent/Defendant.         )
    _____ )

16

17        Pursuant to 28 U.S.C.S. §2242, the Petitioner respectfully

18  submits this Supplemental Brief and Amends his current Petition

19  and respectfully requests this Court to make finding(s) and con-

20  clusion of law and therefore, GRANT the Writ and further RELEASE

21  the Petitioner forthwith.

22        a)   The Petitioner/Plaintiff is in custody in violation

23  of the Constitution or laws or treaties of the United States.

24  The Petitioner prevailed on the Indictment (No. CR99-470-PA)

25  which was DISMISSED on September 23, 2005 with prejudice.   The

26  Petitioner was not allowed reasonable time to return to the coun-

27  try of asylum upon conclusion of the proceeding(s) (No. CR99-470-

28  PA) and the second arrest upon Indictment No. 05CR1746-LAB which



1   was illegal.

2

3      "[I]f person had been extradited for one offense and tried
       and convicted of different offense his remedy was by writ
4      of error from Supreme Court of United States to court where-
       in he was convicted; of if he was under arrest and desired
5      more speedy remedy, in order to secure his release, writ
       of habeas corpus from one of federal judges or federal
6      courts, issued on ground that he was restrained of his li-
       berty in violation of Constitution or law or treaty of
7      United States, would bring him before federal tribunal
       where inquiry could be had as to his contentions, and if
8      they were well founded he was discharged."   (18 U.S.C.S.
       §3192 #9/Miscellaneous).

9

10     b)   If the Petitioner was arrested on June 12, 2005, and ille-

gally, forcibly kidnapped without an extradition by three U.S.

11  Marshals on June 15, 2005 in Mexico City, without giving the Pe-

12  titioner or the Embassy of Pakistan his VCCR individual rights in

13  Mexico City for Indictment No. 05CR-1746-LAB and therefore, must

14  be RELEASED for violation of the Petitioner's Speedy Trial Act

15  Rights.

16     "[A]ny information or indictment charging an individual
       with the commission of the offense shall be filed within
17     thirty days from the date on which such individual was
       arrested or served with a summons in connection with such
18     charges.  If an individual has been charged with a felony
       in a district court in which no grand jury has been in
19     session during such thirty-day period, the period of time
       for filing of the indictment shall be extended an addition-
20     al thirty-days."  (18 U.S.C.S. §3161(b)/Time limits and
       exclusions).
21

22     c)   In accordance with 28 U.S.C.S. §2243, the Court must

23  issue an Order to Show Cause Notice within three days, unless

24  good cause warrants additional time, not exceeding twenty days.

25     d)   The Petitioner requests that the Warden, FCI-Victorville

26  in Adelanto, California, S.A. Holencik, make a return certifying

27  that the true cause of the detention is the illegal second

28  arrest on Indictment No. 05Cr1746-LAB in violation of Title 18

1  U.S.C.S. §3192.  (See Appendix "A").

2       a)  The Petitioner requests that the Central District of
3  California, Clerk of the Court, provide a) a Copy of the Petition
4  No. 00636787 (Certified Copy), that was filed with the Court on
5  July 26, 1986; b) the Petition No. 00636787 that was GRANTED on
6  July 26, 1986; and c) a complete transcript, recording or record
7  of this Petition being filed, GRANTED and recorded by the Court.
8  The Petition is not requesting a copy of this Petition No. 00636787
9  that was filed by him on May 13, 1986, but specifically the Certi-
10 fied Copy that was filed with theCourt on July 26, 1986 and GRANT-
11 ED on July 26, 1986 together with the copy of the Citizenship
12 Certificate on which thePetitioner's photographs were affixed and
13 provided to the Court on May 13, 1986, when  his Petition was
14 filed with the Court on May 13, 1986.

15      f)  Pursuant to 28 U.S.C.S. §2241, judiciary has juris-
16 diction to insure that Executive's power to extradite is not
17 being exercised so as to violate individual constitutional rights;
18 appropriate device for adjudication of claim that United States
19 government's act of extradition violates constitutional rights is
20 habeas corpus review of extradition hearing pursuant to 28 U.S.C.
21 S. §2241(c)(3).  (See **Plaster v. U.S.**, (1983, CA4 Va) 720 F2d 340,
22 14 Fed Rules Evid Serv 565).

23      **THEREFORE**, based upon the foregoing, the Petitioner hereby
24 respectfully requests that this Honorable Court RELEASE from
25 Custody the Petitioner and that the Writ be GRANTED forthwith
26 without any further delay.  The Petitioner has been in illegal
27 custody since June 12th of 2005 and continues to suffer irrepar-
28 able damage and therefore, showing good faith and good cause the

1  Writ of Execution must be GRANTED, all in the interest of justice.

2          **RESPECTFULLY SUBMITTED** on this 10th day of October, 2006.

3

4

5

6

7                              Arif Durrani, Petitioner
                              Propria Persona

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, __Arif Ali Durrani_____ hereby certify that I have served a true
and correct copy of the following:

**SUPPLEMENTAL BRIEF**

Which is deemed filed at the time it was delivered to prison authorities for
forwarding, Houston v. Lack, 101 L.Ed.2d 245 (1988), upon the defendant/
defendants and or his attorney/attorneys of record, by placing same in a
sealed, postage prepaid envelope addressed to:

> Central District of California
> United States District Court
> Clerk of the Court
> 312 N. Spring Street
> Los Angeles, CA 90012

**and deposited same in the United States Mail** at the Federal Correctional
Institution,.

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the
foregoing is true and correct.

Dated this __10th__day of __October_____, 20_06_.

> _____
> Arif Ali Durrani/Petitioner
> Propria Persona .

CRIMINAL PROCEDURE                                    18 USCS § 3193

individ-
ly other
ted. Ker
, 7 S Ct

offense
brought
offense,
ated in
offense
th Can-
:as cor-
192 was
scharge
Browne
539.
tted by
s been
whence
:ions of
1842 (8
at at L
§ 3192,
offenses
14 US
:eeding
649.
offense
extra-
rime of
acces-
h being
ent. Re

:cution
le had
ty had
from
ight of
taking
ex) 32

1 and
gave
e was
r vol-
red by
was
f that
minal
lowed
ion of
return
llegal.
L Ed

Duty to afford opportunity to return after trial was limited to matters which happened before extradition; and in nature of things such duty could not be extended to include protection from crime committed by extradited person between extradition and conclusion of prosecution for which he was extradited. Collins v O'Neil (1909) 214 US 113, 53 L Ed 933, 29 S Ct 573, later proceeding (1915) 237 US 502, 59 L Ed 1071, 35 S Ct 649; Collins v Johnston (1915) 237 US 502, 59 L Ed 1071, 35 S Ct 649.

United States had no right to surrender prisoner, extradited from France, to Canada, before expiration of one-month period during which, according to terms on which extradition was granted, prisoner was free to leave country and return to France. United States ex rel. Donnelly v Mulligan (1934, CA2 NY) 74 F2d 220, habeas corpus proceeding (1935, CA2 NY) 76 F2d 511.

**9. Miscellaneous**

If person had been extradited for one offense and tried and convicted of different offense his remedy

was by writ of error from Supreme Court of United States to court wherein he was convicted; of if he was under arrest and desired more speedy remedy, in order to secure his release, writ of habeas corpus from one of federal judges or federal courts, issued on ground that he was restrained of his liberty in violation of Constitution or law or treaty of United States, would bring him before federal tribunal where inquiry could be had as to his contentions, and if they were well founded he was discharged. United States v Rauscher (1886) 119 US 407, 30 L Ed 425, 7 S Ct 234; Hall v Patterson (1891, CC NJ) 45 F 352; Cohn v Jones (1900, DC Iowa) 100 F 639; Ex parte Browne (1906, CC NY) 148 F 68, affd (1907) 205 US 309, 51 L Ed 816, 27 S Ct 539.

Where one who was born in this country, and was citizen, committed crime here and sought asylum in Mexico, he was not entitled to discharge on habeas corpus where he was forcibly brought into country without extradition proceedings; and court could not consider complaint of Mexican government that its sovereignty was violated. Ex parte Lopez (1934, DC Tex) 6 F Supp 342.

## § 3193. Receiving agent's authority over offenders

A duly appointed agent to receive, in behalf of the United States, the delivery, by a foreign government, of any person accused of crime committed within the United States, and to convey him to the place of his trial, shall have all the powers of a marshal of the United States, in the several districts through which it may be necessary for him to pass with such prisoner, so far as such power is requisite for the prisoner's safe-keeping.
(June 25, 1948, ch 645, § 1, 62 Stat. 825.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES
**Prior law and revision:**
This section is based on R. S. § 5276 (former 18 U.S.C. § 660).
The words "jurisdiction of the" were omitted in view of the definition of United States in 18 USCS § 5.
Minor changes only were made in phraseology.

**Other provisions:**
**Issuance and signature by Secretary of State of warrants appointing agents to return fugitives from justice extradited to the United States.** Ex. Or. No. 11517 of March 19, 1970, 35 Fed. Reg. 4937, provides:
"WHEREAS the President of the United States, under section 3192 of Title 18, United States Code, has been granted the power to take all necessary measures for the transportation, safekeeping and security against lawless violence of any person delivered by any foreign government to an agent of the United States for return to the United States for trial for any offense of which he is duly accused; and
"WHEREAS fugitives from justice in the United States whose extradition from abroad has been requested by the Government of the United States and granted by a foreign government are to be returned in the

26