

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF DURRANI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>S. A. HOLENCIK,<br><br>　　　　Respondent. | No. CV 06-6281 PA<br><br>ORDER (1) DENYING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION; AND (2) DIRECTING CLERK TO REFER PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT |

## I.   SUMMARY

On October 2, 2006, petitioner Arif Ali Durrani ("Petitioner"), a federal inmate proceeding pro se who is in the custody of the Federal Bureau of Prisons in the Central District of California, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), pursuant to 28 U.S.C. § 2241. Petitioner challenges the legality of a sentence imposed by the United States District Court in the Southern District of California. (Petition at 2). This Court concludes that it lacks the requisite jurisdiction to entertain the Petition, and that transfer to the United States District Court for the Southern District of California would be futile because the Petition is successive. Accordingly, this Court denies the Petition, dismisses this action without prejudice, and directs the Clerk of the Court to refer the Petition to the United States

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. BACKGROUND

On June 12, 2005, Petitioner was deported from Mexico, his country of residence, to Pakistan, his country of birth, pursuant to the Mexican Government's public safety operation, "Secure Mexico." When Petitioner arrived at Los Angeles International Airport for a layover and connecting flight to Pakistan, he was arrested pursuant to an outstanding sealed warrant on file in the Central District of California. Petitioner was charged with two counts of exporting defense articles without a license, in violation of 22 U.S.C. § 2278(b)(2) and (c), and 22 C.F.R. § § 127.1(d) and 127.3. See United States v. Durrani, Case No. CR 99-470 PA (C.D. Cal. 2005), on appeal as Case No. 07-50031.

However, during the course of preparing for trial, the Government discovered that the purchaser of the goods, the Royal Jordanian Embassy, had a proper export license, and no additional license was required. Id. Therefore, the Government moved to dismiss Petitioner's indictment with prejudice. The Court dismissed the indictment on September 23, 2005. Id.   On the same day, the Government filed a second complaint against Petitioner in the United States District Court for the Southern District of California for conspiracy to commit offenses against the United States. See 18 U.S.C. § 371. Specifically, Petitioner was accused of conspiring to export a number of unauthorized military aircraft parts to the United Arab Emirates, Malaysia, and Belgium, in violation of the Arms Export Control Act. See 22 U.S.C. § 2778. An arrest warrant was issued, and Petitioner was arrested on September 26,

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking leave to file a second or successive. . . 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave . . . . If a second or successive . . . motion . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

1  2005, the day he was released from custody in Los Angeles. See <u>United States v.</u>
2  <u>Durrani</u>, Case No. CR 05-1520 (S.D. Cal. 2006) (the "SDCA Case").
3      Following a jury trial in the SDCA Case, Petitioner was found guilty on all
4  counts and sentenced to 150 months imprisonment. See Case No. CR 05-1746 LAB.
5  Thereafter, Petitioner filed a Petition for Writ of Habeas Corpus / Error Pursuant to
6  28 U.S.C. § 2241 (the "SDCA 2255"). In the SDCA 2255 petition, Petitioner argued
7  that, because he was not given a reasonable opportunity to leave the country after the
8  first indictment was dismissed, his second arrest, violated the doctrine of speciality.
9  Thus, he maintained, the district court had been without jurisdiction to bring him to
10 trial and enter judgment against him.[2/] The district court construed the petition as
11 one for relief pursuant to 28 U.S.C. § 2255, and sua sponte denied it on September 6,
12 2007. See <u>Durrani v. Holencik</u>, Case No. CV 06-1730 LAB (JMA) (S.D. Cal.
13 2006).[3/]
14     On October 2, 2006, Petitioner filed the instant Petition. It raises the same
15 argument as was adjudicated in Petitioner's SDCA 2255 petition - that the trial court
16 was without jurisdiction to render judgment against him because he was not given a
17 reasonable opportunity to leave the country after the first indictment was dismissed.

**III. DISCUSSION**

19     A federal inmate's petition to challenge the legality of his conviction and
20 sentence must generally be filed under 28 U.S.C. § 2255 in the district in which he

---

[2/] Petitioner also raised this argument in a motion to dismiss the indictment, at sentencing, and on appeal. The district court rejected the argument, reasoning that the doctrine of specialty is only relevant to extradition. Since Petitioner was never extradited, the doctrine of specialty could not be used to challenge his conviction. See <u>United States v. Sensi</u>, 879 F.2d 888, 896 (D.C. Cir. 1989) (citing <u>United States v. Rauscher</u>, 119 U.S. 407, 7 S. Ct. 234, 30 L. Ed. 425 (1886)); see also <u>United States v. Valot</u>, 625 F.2d 308, 310 (9th Cir. 1980) (limiting <u>Rauscher</u> to cases involving formal extradition pursuant to an extradition treaty).

[3/] On January 8, 2007, the district court denied Petitioner's request for a certificate of appealability.

-3-

1  was convicted and sentenced, whereas a petition to challenge the manner, location,
2  or conditions of the execution of the sentence must be brought under 28 U.S.C.
3  § 2241 in the custodial district. See Hernandez v. Campbell, 204 F.3d 861, 864-65
4  (9th Cir. 2000). A federal prisoner may file a habeas corpus petition pursuant to
5  Section 2241 to contest the legality of his conviction or sentence only where his
6  remedy under Section 2255 is "inadequate or ineffective to test the legality of his
7  detention." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 75
8  U.S.L.W. 3512 (U.S. March 26, 2007) (No. 06-9645) (citations omitted). The
9  "inadequate or ineffective" exception is narrow. Ivy v. Pontesso, 328 F.3d 1057,
10 1059 (9th Cir. 2003). Section 2255's remedy is not "inadequate or ineffective"
11 merely because Section 2255's gatekeeping provisions prevent the petitioner from
12 filing a second or successive petition. Id.
13       Petitioner contends that the district court was without jurisdiction to render a
14 judgment in the SDCA Case. Petitioner thus challenges the legality of the judgment
15 and sentence rather than the manner, location, or conditions of his sentence. See
16 Morrison v. Lappin, No. 4:06CV2087, 2006 WL 3545138, at *4 (N.D. Ohio Dec. 9,
17 2006) (characterizing petitioner's argument that the district court lacked jurisdiction
18 to bring him to trial because he was extradited in violation of the doctrine of
19 specialty as "directly attacking his conviction . . . . squarely within the confines of §
20 2255. . . ."). Since Petitioner challenges only the legality of his federal sentence, this
21 Court has jurisdiction over the Petition only if the remedy under Section 2255 is
22 "inadequate or ineffective to test the legality of his detention." See Hernandez, 204
23 F.3d at 865-66. Petitioner neither alleges nor demonstrates that such is the case. See
24 Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (burden of coming forward
25 with evidence to show inadequacy or ineffectiveness of section 2255 remedy rests
26 squarely on petitioner).
27       Because Petitioner challenges a federal sentence and there has been no
28 showing that the remedy under Section 2255 is inadequate or ineffective, the Court

construes the Petition as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This Court, however, does not have jurisdiction to consider Petitioner's motion because it must be brought in the district in which he was convicted or sentenced. Hernandez, 204 F.3d at 865. Accordingly, this action either must be dismissed or transferred to the Southern District of California where petitioner was convicted and sentenced. As noted above, Petitioner has already filed at least one motion in the Southern District of California challenging the same sentence, which the district court denied. The present motion is thus successive, and cannot be entertained by the district court in the Southern District of California until authorized by the Ninth Circuit. See 28 U.S.C. §§ 2244(a), 2244(b)(3), 2255. It would thus be futile to transfer this action to the Southern District of California. Therefore, the present Petition should be dismissed, without prejudice, for lack of jurisdiction and referred to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

**IT IS THEREFORE ORDERED**:

1. The Petition is construed as a motion under 28 U.S.C. § 2255.

2. The Petition is denied, and this action is dismissed without prejudice for lack of jurisdiction.

3. The Clerk is directed to refer the motion to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 16, 2007

Percy Anderson
UNITED STATES DISTRICT JUDGE