Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301

December 31, 2007

Motions Unit
United States Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939


Reference: Emergency Interlocutory Appeal for U.S. District Court Order dated December 27, 2007, Case No. CV06-6281-PA, U.S. Court of Appeals No. 07-73112, Remanded on November 16, 2007, to the U.S. District Court

Dear Motions Attorney:

This is my notice to file an interlocutory appeal for the U.S. District Court order dated December 27, 2007, for my §2241 Petition for the illegal detention caused by the erroneous Release order dated September 23, 2005. The formal order of the district court has not been received by the petitioner. This is based upon retrieval of the summary of the order from the Pacer website for the petitioner by his wife. A copy is attached.

This case was referred by the U.S. District Court to the Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals remanded this case back to the U.S. District Court on November 16, 2007. I filed the attached Petition to the U.S. District Court, with a request for a hearing date and time to be established on December 3, 2007. This is a request to order the district court to adjudicate this petition upon §2243, which in pertinent part states:

A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifing the true cause of the detention.

      When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

      Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

      The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

      The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

      The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

---

      The district court order does not comply with §2243, and is taken almost verbatim from the Advisory Committee Notes of Rule 1 through 5 of the POST CONVICTION MOTION, §2255, to vacate, set aside or correct a sentence. The order further foreclosed the procedure to reach the merits of the claims by specifically denying Rule 6 through 8, to ensure the merits are never reached and the petition can be denied by utilizing the rules of §2255, Post Conviction Motion, to vacate, set aside and or to correct a sentence. The Post Conviction Motion, §2255 is not applicable. There is no conviction, nothing to set aside or any sentence to correct. The illegal detention is challenged under §2241(c)(3), nunc pro tunc to the date of the erroneous release order as stated in the remand by the panel in their mandate of November 16, 2007, to the district court. The interlocutory appeal will be based upon a request for clear instructions to the district court to adjudicate the §2241 petition upon its merits.

      The district court has issued its order to the respondent to reach a predetermined decision to deny the petition. It further, instructs the respondents attorney to prepare a reply in a manner and form to allow the district court not to decide the petition upon its merits. The district court proposed order will continue the illegal detention and cause further irreparable harm to the petitioner by use of the incorrect procedural bar of a Post Conviction Motion Rules instead of reaching the merits and dispose of the matter as law and justice requires.

      The district court is not permitted to take on the role of an adversarial prosecutor. It must allow the respondent to show cause and dispose of the matter as law and justice require.

       The petitioner is unable to call the motions unit prior to filing an interlocutory appeal. Therefore, this is a advance notice with a copy to the district court and the presumed respondent's attorney, AUSA William A. Crowfoot. The interlocutory appeal will request immediate response due to the liberty interest of the petitioner. The direct appeal for the return of property in this case under Rule 41(g) has been fully briefed and pending under U.S.C.A. No.07-50031. This appeal arose from the same district court's violation of the Rule 41(g) and its insistence not to follow the established precedent of <u>U.S. v. Martinson</u>, 809 F.2d 1364 (9th Cir. 1987). An illegal detainer was also placed upon the petitioner on June 15, 2005. The arrest in Mexico, was without probable cause. See. Exhibit 1, of the attached petition.

Sincerely,

Arif A. Durrani

cc: U.S. District Court
    AUSA William A. Crowfoot

Encl: Notice of Motion and Motion filed with the District
     Court.

AAD:ar

Acurie A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

December 31, 2007

AUSA William A. Crowfoot
U.S. Attorney's Office
U.S. District Court
Central District of California
312 North Spring Street, 14th Floor
Los Angeles, CA 90012

Reference: Docket No. CV06-6281-PA

Dear AUSA Crowfoot:

    I am enclosing a copy of my letter to the Motions Unit of the U.S. Court of Appeals. I assume you will be assigned the unpleasant task of representing the respondent in this case. As you are aware, I filed the reply brief for the return of my property also arising from the this case for which, AUSA William P. Cole, had me arrested on June 12, 2005, and extradited on June 15, 2005, from Mexico. The fraudulent documents that AUSA William P. Cole, instructed the Mexican Immigration to create for his unlawful conduct and his previous representaions made to the courts under oath will be cited in my interlocutory brief, and will be supported with the documents and the transcript.

    For the purpose of this case, as you are aware, the Ninth Circuit has issued its order on October 24, 2007, in U.S.C.A. No. 07-50031, that it will consider the merits of the fraudulent indictment, kidnapping and extradition from Mexico. Further, your motion to dismiss the indictment filed on September 23, for the unlawful custody did not cease, under the doctrine of cessation, it has only evaded review. You did intend to dismiss the case initially on September 9th. 2005. Therefore, this purported communication you allegedly claim was received on September 22, 2005 from the same analyst, who had put on his dog and pony show, with his props that are used by him in all the cases and were used in San Diego, is not believable nor true. It is not in the Vaughn Index of the documents withheld under my FOIA request. The government had this information on May 18, 1994, notwithstanding the fact, my attorney provided your case agent, Wayne Kempton and the Assistant U.S. Attorney, Arif Ali Khan, this information on July 22, 2002. See, Report 53, of the case. Further, as you also know, it is the same analyst who stated he could not find the export license in 1996 to allow agent Wayne Kempton to fabricate the fraudulent indictment. The airway bill's facially show the export license was issued and they are marked accordingly. Copies of these are kept in the U.S. Customs database upon shipment. Which means you had this information since May 18, 1994.

My contention is that, if the license existed on September 22, 2005, it was most certainly in your files. It existed in your files when the case agent, Wayne Kempton lied to the grand jury. You did not have any probable cause to arrest me nor cause the extradtion from Mexico. The only motive for these unlawful actions was to violate laws of three different countries in order to unlawfully hold me in the Central District of California to fabricate a fraudulent offense in the Southern District of Califonia after 106 days of the unlawful arrest.

As you may have noticed from the motion for default judgment that I filed with the court and forwarded you a copy dated December 3, 2007, with the Exhibits, the arrest was in Mexico, not at the Los Angeles International airport, as you have asserted to the courts. In addition, a detainer was placed by the Southern District of California, without any probable cause. It is true, you did not participate in the extradition. It was arranged by AUSA Cole. You are also absolutely correct, you were assigned this case on June 15, 2005, and the U.S. Customs agents in your district were informed on that date as well. However, what you have done is conspired with AUSA Cole, to violate the dual criminality, the doctrine of Specialty, and the extradition treaty. You further, permitted AUSA Cole to violate the speedy trial rights and unlawfully held me in the Central District of California, and to allow him to investigate a probable cause in his district. He is not permitted to investigate prior to any probable cause has been established. Upon his instructions, you filed the fabricated and false dismissal on September 23, 2005. The Release Order was filed on Friday afternoon, simply because you had no intention to release me, and it was actually to the illegal detainer that was placed on June 15, 2005. This illegal scheme was to violate the speedy trial rights. That is the record of the documents and the transcripts. Perhaps, this unlawful scheme would have been exposed in the San Diego, district court when you appeared in response to the subpoena. However, the court denied the disclosure, otherwise it would have scuttled the proceedings and these violations would have been exposed.

You obviously alluded and inserted the irrelevant cases in your reply brief in U.S.C.A. No. 07-50031, in an attempt to malign and prejudice me, when these cases have absolutely nothing whatsoever to do with the issue for the return of my property. As you now know, every single argument put forward by you has been effectively rebutted with the supporting records. Last but not the least, I am a naturalized U.S. Citizen from May 13, 1986. The reason my court appointed attorney's made his first request to you for my immigration file was to seek out the copy of the instructions given by the former U.S. Attorney to the Immigration and Naturalization Service. She removed the citizenship certificates from my file and to put the detainer. These documents were recently retrieved from the U.S. Marshal's Service. The instructions to alter the records dated September 4, 1986, were in the file you provided.

As stated earlier, the documents retrieved affirm that the arrest was made, without probable cause utilizing the fraudulent indictment in the Central District of California, by AUSA William P. Cole, and upon his instructions, I was unlawfully held until he fabricated the indictment in his district, and as prearranged, I was released to the unlawful detainer that was placed on June 15, 2005, by the erroneous release order that is being challenged. I request you to apprise the court of the underlying failed scheme to allow it to make a judicious decision to adjudicate this petition.

Sincerely,

Arif A. Durrani

cc: Motions Unit, U.S. Court of Appeals
→ Clerk, U.S. District Court, Case No.CV06-6281-PA
   U.S. Department of Justice, Office of the Inspector General
   H. Marshall Jarrett, Counsel, Office of Professional Responsibility
   Jay Macklin, Counsel General, EOUSA, Department of Justice

AAD:ar

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

January 2, 2008

Office of the Clerk
U.S. District Court
Room G-8
Central District of California
312 North Spring Street
Los Angeles, CA 90012-4793

Reference: Docket No. CV06-6281-PA

Dear Clerk:

    Attached are two letters addressed to the Motions Unit of the Court of Appeals for the Ninth Circuit and another to the United States Attorney, William A. Crowfoot. Please file these two documents with the district court.

    I have still not received my copy of the Notice of Motion and Motion for Default Judgment. The Violation of Due Process and Respondent's Unwarranted Delay to Release Petitioner in Violation of the Dual Criminality; and or the Doctrine of Specialty; and or the Extradition Treaty from your office. Upon checking the Pacer website for this docket, it does not show this Motion was entered. Please ensure this Motion has been docketed and I am provided a copy for my records.

    Your assistance in this matter will be greatly appreciated.

Sincerely,

Arif A. Durrani

cc: Ms. Cathy A. Catterson, Clerk, U.S. Court of Appeals
    Motions Unit.

AAD:ar

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge ANDERSON

From: Karen Park, Deputy Clerk    Date Received: 12/10/2007

Case No.: CV06-6281PA    Case Title: Arif Durrani v. S A Holencik

Document Entitled: a) Notice of Motion and Motion for Default Judgment b) Memorandum of Points and Authorities c) Letter

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

- ☐ Local Rule 11-3.1   Document not legible
- ☐ Local Rule 11-3.8   Lacking name, address, phone and facsimile numbers
- ☐ Local Rule 11-4.1   No copy provided for judge
- ☐ Local Rule 19-1     Complaint/Petition includes more than ten (10) Does or fictitiously named parties
- ☐ Local Rule 15-1     Proposed amended pleading not under separate cover
- ☐ Local Rule 11-6     Memorandum/brief exceeds 25 pages
- ☐ Local Rule 11-8     Memorandum/brief exceeding 10 pages shall contain table of contents
- ☐ Local Rule 7.1-1    No Certification of Interested Parties and/or no copies
- ☒ Local Rule 6.1      Written notice of motion lacking or timeliness of notice incorrect
- ☐ Local Rule 56-1     Statement of uncontroverted facts and/or proposed judgment lacking
- ☐ Local Rule 56-2     Statement of genuine issues of material fact lacking
- ☐ Local Rule 7-19.1   Notice to other parties of ex parte application lacking
- ☐ Local Rule 16-6     Pretrial conference order not signed by all counsel
- ☐ FRCvP Rule 5(d)     No proof of service attached to document(s)
- ☐ Other:

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

Date: 12/27/07

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

CV-104A (12/03)   NOTICE OF DOCUMENT DISCREPANCIES

Arif A. Durrani #09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301





UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF A. DURRANI,<br><br>    Petitioner,<br><br>v.<br><br>S.A. HOLENCIK,<br><br>    Respondent. | CASE NO. CV 06-6281 PA<br><br>NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT. THE VIOLATION OF DUE PROCESS AND RESPONDENT'S UNWARRANTED DELAY TO RELEASE PETITIONER IN VIOLATION OF THE DUAL CRIMINALITY; AND OR THE DOCTRINE OF SPECIALTY; AND OR THE EXTRADITION TREATY<br><br>Date: To be determined<br>Time: To be determined<br>Courtroom of the Honorable Percy Anderson, Judge |

    Arif A. Durrani, ("Durrani"), Petitioner, hereby requests the District Court to grant the writ for violation of the dual criminality; and or the doctrine of specialty; and or the extradition treaty and immediately release the petitioner from the illegal detention in violation of §2241(c)(3) nunc pro tunc to date of September 23, 2005, and to set a time and date for a hearing. The District Court shall award the writ or issue an order within three days to the respondent to show cause why the writ should not be granted in compliance with §2243, determine the

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301





December 5, 2007

Office of the Clerk
U.S. District Court
Central District of California
312 North Spring Street
Los Angeles, CA 90012

Reference: Case No. CV 06-6281 PA

Dear Clerk:

Attached is my motion in triplicate to be filed in the above referenced case. The Court of Appeals for the Ninth Circuit ordered the return of the this district court's referral under Rule 22-3(a) on November 16, 2007.

The Petition must be adjudicated under §2241 for the erroneous release order in violation of the dual criminality; and or the doctrine of specialty; and or the extradition treaty.

I have requested the district court to grant the writ or issue the show cause notice to the Respondent, within three days upon the filing of this petition.

Please file my motion and return one filed copy for my records. You assistance in filing this petition is greatly appreciated.

Sincerely,

Arif A. Durrani

Encl: Three copies of §2241 Notice of Motion and Motion for
      Default judgment

cc: AUSA William A. Crowfoot, Office of the U.S. Attorney, Central
      District of California

AAD:ar

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

LEGAL MAIL

JAN 04 2008

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address."

Appeal

Received
JAN - 7 2008

90012X4793

Clerk
U.S. District Court
Central District of California
Room G-8
312 North Spring Street
Los Angeles, CA 90012-4793

SAN BERNARDINO CA 924

USA 1¢ · 3c USA · 3c USA · 3c USA · USA 24 · USA 24

HAPPY HOLIDAYS