THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
WILLIAM A. CROWFOOT
Assistant United States Attorney
OCDETF Section
California Bar Number:   134173
        1400 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-4465
        Facsimile: (213) 894-0142
        Email: william.crowfoot@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF ALI DURRANI,<br><br>           Petitioner,<br><br>           v.<br><br>S.A. HOLENCIK, Warden<br><br>           Respondent. | ) CV No. 06-6281-PA<br>) (CR No. 99-470-PA)<br>)<br>) GOVERNMENT'S MOTION TO TRANSFER OR<br>) DISMISS DEFENDANT'S PETITION FOR<br>) WRIT OF HABEAS CORPUS PURSUANT TO<br>) 28 U.S.C. § 2241; EXHIBITS<br>)<br>)<br>) |

        Respondent, S.A. Holencik, Warden, United States

Penitentiary-Victorville, by and through respondent's attorney of

record, the United States Attorney for the Central District of

California, hereby submits his motion to transfer the Petition

for Writ of Habeas Corpus filed by petitioner ARIF ALI DURRANI

pursuant to 28 U.S.C. § 2241.  This motion is based on the

attached Memorandum of Points and Authorities, all files and

///

1  records in this case, and any further evidence as may be

2  presented at any hearing on this matter.

3  DATED: March 11, 2007          Respectfully submitted,

4

5                                 THOMAS P. O'BRIEN
                                   United States Attorney

6                                 CHRISTINE C. EWELL
                                   Assistant United States Attorney

7                                 Chief, Criminal Division

8

9

10                                WILLIAM A. CROWFOOT
                                   Assistant United States Attorney

11                                Attorneys for Plaintiff
                                   United States of America

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   2

1          MEMORANDUM OF POINTS AND AUTHORITIES

2                               I

3                          INTRODUCTION

4          Petitioner Arif Ali Durrani ("defendant") is presently in

5    federal custody serving a 150-month sentence imposed by the

6    district court in the Southern District of California following

7    his conviction in 2006 in <u>United States v. Arif Durrani</u>, CR 05-

8    1746-LAB (S.D. Cal. 2006).   (CASD CR 127).[1]  On October 2, 2006,

9    defendant filed a petition for a writ of habeas corpus in the

10   instant case ("Def's Mot.").   He seeks an order of immediate

11   release pursuant to 28 U.S.C. § 2241 to which he believes he

12   became entitled in 2005 when the charges in CR 99-470-PA were

13   dismissed in 2005 upon motion of the government.   (Def's Mot. 1-

14   2).   As discussed below, this Court lacks jurisdiction to

15   entertain defendant's petition.   It should be construed as a

16   petition under 28 U.S.C. § 2255 and transferred to the Southern

17   District of California where defendant was convicted and

18   sentenced.

19                              II

20                       STATEMENT OF FACTS

21         On May 7, 1999, a grand jury in the Central District of

22   _____

23         [1]  "CR" refers to the Clerk's Record in the instant case,
     "CACD CR" refers to the Clerk's Record in <u>United States v. Arif</u>
24   <u>Durrani</u>, CR 99-470-PA, "CASD CR" refers to the clerk's record in
     <u>United States v. Arif Durrani</u>, CR 05-1746-LAB (S.D. Cal. 2006),
25   "08-55082 CR" refers to the Clerk's Record in <u>Arif Ali Durrani v.</u>
     <u>S.A. Holencik</u>, CA No. 08-55082 (9th Cir. 2008), and "08-70269 CR"
26   refers to the Clerk's Record in <u>Arif Ali Durrani v. United States</u>
     <u>District Court for the Central District of California, et al.</u>, CA
27   No. 08-70269 (9th Cir. 2008).   Each such reference is followed by
     the document control number which was obtained through PACER.
28

                              -1-

1   California returned a two-count indictment in <u>United States v.</u>
2   <u>Arif Ali Durrani</u>, CR No. 99-470-PA (the "1999 indictment"),
3   charging defendant with exporting defense articles, namely, J-85
4   jet engine compressor blades, without having a license, in
5   violation of 22 U.S.C. § 2778(b)(2) and (c), and 22 C.F.R. §§
6   127.1(d) and 127.3. (CACD CR 1). Based on the 1999 indictment,
7   a warrant for defendant's arrest was issued in the central
8   District of California. (<u>Id.</u>). Defendant, who had been living
9   in Mexico, was arrested in Los Angeles on June 15, 2005, and made
10  his initial appearance in the Central District of California on
11  June 16, 2005. (CACD CR 9, 30). While preparing for trial,
12  government's counsel discovered that the purchaser of the defense
13  articles at issue in the 1999 indictment possessed an export
14  license covering those goods and, on September 23, 2005, the
15  government filed a motion to dismiss the 1999 indictment. (CACD
16  CR 26). This Court granted the motion, dismissed the 1999
17  indictment with prejudice, and issued a release order. (CACD CR
18  27).

19      On September 23, 2005, the government filed a complaint
20  against defendant in the Southern District of California,
21  charging him with conspiracy to export defense articles without a
22  license. (CASD CR 1). That complaint alleged the illegal
23  exportation of military aircraft components in the years 2004 and
24  2005. (<u>Id.</u>). On September 23, 2005, the magistrate judge in the
25  Southern District of California issued a warrant for defendant's
26  arrest and he was arrested on that warrant in the Central
27  District of California on September 26, 2005. (CASD CR 2). On
28  September 29, 2006, a grand jury in the Southern District of

-2-

1  California returned a five-count indictment charging defendant

2  with one count of conspiracy and four counts of exporting defense

3  articles without a license.  (CASD CR 3).  A jury found defendant

4  guilty on all five counts on March 17, 2006.  (CASD CR 96).

5  Defendant has appealed his conviction and sentence in that case.

6  See United States v. Arif Ali Durrani, C.A. No. 06-50344.  That

7  appeal is currently pending before the Ninth Circuit.

8       Defendant filed his petition in the instant matter on

9  October 2, 2006, and filed a "Supplemental Brief" on October 16,

10 2006.  (CR 1, 2).[2]  In an order filed on July 17, 2007 (the

11 "Order"), the district court construed defendant's habeas corpus

12 petition as a motion under 28 U.S.C. § 2255, denied the motion,

13 dismissed the action for lack of jurisdiction, determined the

14 petition successive, and referred the matter to the Ninth

15 Circuit, where it was assigned case number C.A. 07-73112.  (CR 8,

16 9).  Notwithstanding that the Ninth Circuit had not established a

17 briefing schedule in C.A. 07-73112, on September 10, 2007,

18 defendant filed an opening brief, a motion and a documentary

19 supplement.  (07-73112 CR 5).  On November 16, 2007, without

20 establishing a briefing schedule or seeking a government

21 response, the Ninth Circuit issued an order in which it found

22 that, because the Southern District had vacated an earlier

23 judgment and allowed defendant to withdraw his § 2255 motion in

24 ────────────────

25      [2]  On October 16, 2006, defendant filed a motion to
   disqualify the Court and government counsel due to a conflict of
26 interest arising from a civil complaint filed by defendant on
   October 5, 2006, in Arif Durrani v. Norma L. Anderson, et al., CV
27 No. 06-6345 (C.D. Cal. 2006).  The disqualification motion was
   referred to United States District Court Judge R. Gary Klausner,
28 who denied it on February 16, 2007.  (CR 6).

1  CV-06-1730 (S.D. Cal. 2006), his filing in the instant case was

2  not successive.  (CR 10).  In addition, the Ninth Circuit noted

3  that on September 10, 2007, defendant had "filed a document [in

4  the Ninth Circuit] stating that [defendant's petition in the

5  instant case] challenges, not a Southern District decision, but

6  rather a release order issued by [this Court] in Case No. CR-99-

7  470-PA."  (Id.).  The Ninth Circuit then ordered defendant's

8  motion transferred back to this Court.  (Id.).  On December 27,

9  2007, this Court issued a briefing schedule in the instant case.

10  (CR 12).  On that same date it rejected as deficient a filing

11  received from defendant on December 10, 2007.  (CR 13).[3]

12

13      [3]  Defendant sent a letter dated December 31, 2007 to the
14  Ninth Circuit Motions Unit indicating his intention to file an
    interlocutory appeal from this Court's December 27, 2007 order
15  rejecting his filing.  (CR 16).  This letter appears to have been
    construed as a notice of appeal and assigned case number 08-
16  55082.  (08-55082 CR 1).  The Ninth Circuit issued a briefing
    schedule in connection with that case on January 17, 2008.  (08-
17  55082 CR 1).  On January 22, 2008, however, defendant filed with
    the Ninth Circuit a brief titled "Emergency Interlocutory
18  Appeal."  Although it appears the brief was the appeal defendant
    had intended to file and to which he was referring in his
19  December 31, 2007, letter, it was docketed as case number 08-
    70269 and has been construed by the Ninth Circuit as a petition
20  for writ of mandamus.  (08-70269 CR 1).  The Ninth Circuit has
    not yet ruled on that petition.  On February 5, 2008, defendant
21  wrote to the Clerk of the Ninth Circuit and requested that case
    number 08-55082 be dismissed as a duplication of case number 08-
22  70269.  (08-55082 CR 4).  Although the Ninth Circuit has not yet
    acted on defendant's request to dismiss case number 08-55082, on
23  February 25, 2008, defendant filed his opening brief in that
    matter pursuant to the original briefing schedule.  (08-55082 CR
24  7).  The government's answering brief is due on March 27, 2008.
    However, the government intends to seek a dismissal of C.A. 08-
25  55082 because it agrees with defendant that there has been a
    docketing mistake, and because a final order in the instant
26  matter has not yet been issued and the Ninth Circuit, therefore,
27  lacks jurisdiction.
28

-4-

III

ARGUMENT

A.   DEFENDANT'S PETITION SHOULD BE CONSTRUED AS A PETITION
     PURSUANT TO 28 U.S.C. § 2255 AND TRANSFERRED

     In its July 16, 2007 order denying defendant's petition and
dismissing his action without prejudice for lack of jurisdiction,
this Court properly held that defendant was challenging "the
legality of the judgment and sentence rather than the manner,
location, or conditions of his sentence" and that this Court did
not have jurisdiction over defendant's petition because there had
been "no showing that the remedy under Section 2255 [was]
inadequate or ineffective." See Order at 4 (internal citations
omitted).  This Court held that defendant was required to file
his petition, in reality a § 2255 petition, in the district in
which defendant was convicted or sentenced. Id. at 5.

     That conclusion continues to be correct.  Defendant is
imprisoned based on his conviction and sentence in United States
v. Arif Durrani, CR 05-1746-LAB (S.D. Cal. 2006).  (CASD CR 127).
The indictment in this district, in United States v. Arif
Durrani, CR 99-470-PA, was dismissed with prejudice on September
23, 2005 and this Court ordered defendant released.  (CACD CR
27).  His subsequent arrest, detention and transportation to the
Southern District of California were based on the arrest warrant
issued in that district.  (CASD CR 2).  In the course of
litigation in the Southern District, and on appeal from that
litigation before the Ninth Circuit, defendant has had ample
opportunity to challenge the legality of his arrest, detention,

-5-

1  indictment, trial, conviction and sentence in that jurisdiction.[4]

2  Defendant's further challenge in this Court to the legality of

3  his conviction and sentence in the Southern District is both

4  unnecessary and outside of the jurisdiction of this Court.

5      In transferring defendant's petition back to this Court, the

6  Ninth Circuit observed that on September 10, 2007, defendant had

7  "filed a document [in the Ninth Circuit] stating that

8  [defendant's petition in the instant case] challenges, not a

9  Southern District decision, but rather a release order issued by

10  [this Court] in Case No. CR-99-470-PA." (CR 10). Indeed, in his

11  petition defendant contended that, in addition to releasing him

12  upon the dismissal of CR 99-470-PA, this Court, in effect, also

13  should have insulated him from the arrest warrant issued by the

14  Southern District and allowed him to leave the United States.

15  (Def's Mot. 2; Def's Supplemental Brief 1-2). Defendant is

16  mistaken, however, in his belief, and in his assertion to the

17  Ninth Circuit, that this Court failed to address that issue.

18      Defendant's argument that his release order was

19  insufficiently broad rests on the contention that he was

20  extradited to the United States from Mexico to face the charges

21  in CR-99-470-PA and that, upon dismissal of that indictment, "he

22  _____

23      [4] See, e.g., Case Status and Notice Order dated December
   12, 2006, defendant's Withdrawal of Petition, filed January 3,
24  2007, and Amended Judgment dated October 12, 2007, in Arif
   Durrani v. S.A. Holencik, CV 06-1730-LAB (S.D. Cal. 2006),
25  attached as hereto as Exhibits A, B and C, respectively,
   addressing that district court's re-characterization of
26  defendant's petition pursuant to 28 U.S.C. § 2241, which raised
   issues also raised in the instant case, as a § 2255 petition, and
27  defendant's refusal to accept that re-characterization or to
   proceed with his petition.
28

-6-

1  must be released and given reasonable time to return to the
2  country of asylum he was illegally abducted from by United States
3  Government Agent." (Def's Mot. 2) (emphasis in original
4  omitted). Defendant interchangeably alleges, without any
5  supporting evidence, that he was extradited and/or kidnaped from
6  Mexico by the United States government.

7      There is no basis for defendant's contention that he was
8  extradited from Mexico and, therefore, there is no merit to his
9  argument, based on the doctrine of specialty, that upon the
10 dismissal of CR-99-470-PA he should have been allowed to leave
11 the United States. As this Court observed in its July 17, 2007,
12 Order, "[s]ince [defendant] was never extradited, the doctrine of
13 specialty could not be used to challenge his conviction." Order
14 at n. 2, citing United States v. Sensi, 879 F.2d 888, 896 (D.C.
15 Cir. 1989); United States v. Valot, 625 F.2d 308 310 (9th Cir.
16 1980).

17     There is also no basis in fact for defendant's contention
18 that he was kidnaped in Mexico. Defendant was notified by the
19 government of Mexico on June 14, 2005, that he was expelled from
20 that country for failure to maintain in order his immigration
21 status in that country. (See Government's Opposition to
22 Defendant's Motion to Dismiss Indictment, Declaration of William
23 A. Crowfoot, Exhibit B, which is attached hereto as Exhibit D).
24 Even if defendant's allegation were true, it would be irrelevant.
25 In United States v. Alvarez-Machain, 504 U.S. 655 (1992), a case
26 in which a Mexican national in fact was abducted in Mexico at the
27 behest of United States government agents and flown to the United
28 States, the Supreme Court held that the defendant's forcible

-7-

1  abduction did not violate the extradition treaty and, therefore,

2  did not prohibit his trial in the United States. _Id._ at 670; see

3  also United States v. Matta-Ballesteros, 71 F.3d 754, 761-62,

4  764-65 (9th Cir. 1996) (upholding conviction in Central District

5  of California of Honduran citizen abducted from Honduras with

6  assistance of Honduran authorities, who, incidentally, was first

7  convicted, following his abduction, in the Northern District of

8  Florida on a different charge).

9        Nothing about the circumstances of this case required that

10  this Court issue a release order in September 2005, following

11  dismissal of CR 99-470-PA, shielding defendant from a subsequent

12  arrest pursuant to the Southern District warrant.  Thus,

13  defendant finds himself in custody based on the conviction and

14  sentence in the Southern District and not as a result of any

15  erroneous decision by this Court.  Defendant is not challenging

16  the conditions of his custody, and that custody clearly is not

17  the result of the release order pursuant to which he was released

18  in the Central District.

19        Accordingly, in it July 17, 2007 Order this Court properly

20  construed defendant's petition as a petition pursuant to 28

21  U.S.C. § 2255 that should be transferred or dismissed without

22  prejudice for lack of jurisdiction.  In light of the Ninth

23  Circuit's finding that the petition would not be successive in

24  the Southern District of California, this Court should again

25  construe defendant's petition as a petition pursuant to 28 U.S.C.

26  § 2255 and transfer defendant's petition to that jurisdiction, or

27  alternatively, dismiss the petition without prejudice.

28

-8-

1

III

2

CONCLUSION

3       For the foregoing reasons, the government respectfully

4   requests that the Court construe defendant's Petition for Writ of

5   Habeas Corpus pursuant to 28 U.S.C. § 2241 as a petition

6   challenging the legality of his conviction or sentence pursuant

7   to 28 U.S.C. § 2255 and, as such, transfer defendant's petition

8   to the Southern District of California, where defendant was

9   convicted and sentenced, or, alternatively, dismiss the petition

10  without prejudice.

11  DATED: March 11, 2007          Respectfully submitted,

12                                 THOMAS P. O'BRIEN
                                   United States Attorney
13
                                   CHRISTINE C. EWELL
14                                 Assistant United States Attorney
                                   Chief, Criminal Division
15

16

17                                 _____
                                   WILLIAM A. CROWFOOT
18                                 Assistant United States Attorney

19                                 Attorneys for Plaintiff
                                   United States of America

20

21

22

23

24

25

26

27

28

-9-

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF DURRANI,<br><br>                                   Petitioner,<br><br>          vs.<br><br>S.A. HOLENCIK,<br><br>                                   Respondent. | CASE NO. 06CV1730-LAB (JMA)<br><br>**CASE STATUS AND NOTICE ORDER** |

Petitioner Arif Durrani ("Durrani"), proceeding *pro se,* filed a Petition For Writ of Habeas Corpus ("Petition") purportedly pursuant to 28 U.S.C. § 2241. The case was originally assigned to Chief Judge Irma E. Gonzalez. Judge Gonzalez determined the petition actually seeks relief appropriately pursued under 28, U.S.C. § 2255, and that such relief should be sought from the sentencing judge. She accordingly instructed the Clerk of Court to transfer the case to the undersigned District Judge in an Order entered August 31, 2006. On September 6, 2006, this court considered Durrani's Petition, found he merely restates and revisits issues the court previously decided, and *sua sponte* denied the Petition and dismissed the case.

Durrani filed a Notice Of Appeal on September 25, 2006, without first seeking a certificate of appealability. By Order filed November 2, 2006, the Ninth Circuit stated "this appeal . . . appears to arise under 28 U.S.C. § 2255" and "remanded to the district court *for the limited purpose of* granting or denying a certificate of appealability" (emphasis added). Durrani filed a Response to that Order in the Ninth Circuit, disputing that his habeas petition

1

EXHIBIT A

06CV1730

1    filed under Section 2241 seeking immediate release is actually a Section 2255 motion

2    challenging his conviction or sentence.[1] He states he "will not accept recharacterization" of

3    his 28 U.S.C. § 2241 Petition as a motion under 28 U.S.C. § 2255.

4        The government has filed a Memorandum Re Case Status Upon Remand in

5    consideration of Durrani's insistence he may pursue Section 2241 habeas relief on the facts

6    of this case, despite the gravamen of his challenges arising from his conviction and sentence

7    and the construction of his challenges by two courts as actually arising under Section 2255.

8    The government emphasizes Durrani is confined by court Order following a jury trial, so his

9    petition seeking release from custody "is squarely within the scope of § 2255."

10        The court has considered Durrani's arguments and rejects his characterization of the

11    relief and grounds for relief in his circumstances as other than a Section 2255 motion, in light

12    of the procedural posture of this case and the Ninth Circuit's instructions that this court issue

13    or deny a certificate of appealability on that basis.  Before the court can recharacterize the

14    *pro se* filing as a first Section 2255 motion, however, it is obligated to provide the following

15    explanation, notice, and admonitions:

16            In such circumstances the district court must **notify** the *pro se*
           litigant that it intends to recharacterize the pleading, **warn** the
17            litigant that this recharacterization means that any subsequent
           § 2255 motion will be subject to the restrictions on "second or
18            successive" motions, and **provide the litigant an opportunity
           to withdraw the motion or to amend it** so that it contains all
19            the § 2255 claims he believes he has. If the court fails to do so,
           the motion cannot be considered to have become a § 2255
20            motion for purposes of applying to later motions the law's
           "second or successive" restrictions. § 2255, ¶ 8.
21

22    Castro v. United States, 540  U.S. 375, 382 (2003) (emphasis added).

23        The court hereby notifies Durrani of its intent to construe and process his petition as

24    a Section 2255 motion rather than a Section 2241 Petition.  The court warns Durrani of the

   consequences of that treatment:
25

26            Under a longstanding practice, a court sometimes treats
           as a request for habeas relief under 28 U.S.C. § 2255 a motion
27            that a *pro se* federal prisoner has labeled differently. Such

28        [1]   The government has filed a Memorandum Re Case Status Upon Remand, attaching as
its Exhibit 1 Durrani's "response" to the Ninth Circuit's Order.

           06CV1730

1    recharacterization can have serious consequences for the
     prisoner, **for it subjects any subsequent motion under § 2255**
2    **to the restrictive conditions that federal law imposes upon**
     **a "second or successive" (but not upon a first) federal**
3    **habeas motion.** § 2255, ¶ 8.

4    <u>Castro</u>, 540 U.S. at 377 (emphasis added).

5        Before proceeding to implement the Ninth Circuit's remand instructions, however, the

6    court will provide Durrani "with an opportunity to withdraw, or to amend" the filing (<u>Castro</u>,

7    540 U.S. at 377, 382), in consideration of the potential consequences, by setting a deadline

8    of ***December 29, 2006*** for him to file a request to withdraw his current petition, or to file an

9    Amended Petition.  If he neither withdraws nor amends his petition by that deadline, the

10   court will implement the Ninth Circuit's instructions from its remand Order, construing the

11   habeas petition Durrani filed on August 24, 2006 as a Section 2255 Motion.

12       **IT IS SO ORDERED**.

13   DATED:  December 12, 2006

14

15   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

3                                                                  06CV1730

1 | Arif Durrani
2 | Federal Register No. 09027-014
  | Federal Correctional Complex
3 | Victorville Medium I
  | Post Office Box 5300
4 | Adelanto, California 92301

FILED

2007 JAN -8 PM 1:23

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

5 | pro se

BY_____DEPUTY

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | ARIF DURRANI,                    )    CASE NO.    06CV1730-LAB (JMA)
                                     )    Ninth Cir. Case No. 06-56376
11 |        Petitioner,              )
                                     )
12 |                                 )
   | vs.                             )    WITHDRAWAL OF PETITION AND
13 |                                 )    NOTICE OF APPEAL FOR COURT
                                     )    ORDER DATED 12/12/2006
14 | S.A. HOLENCIK,                   )
                                     )
15 |        Respondent.              )
   | _____ )

17 |        COMES NOW, the Petitioner, Arif Durrani, hereby moves

18 | this Court to withdraw his 28 U.S.C. §2241 Petition, which was

19 | filed on August 24, 2006, for recharacterization to a Motion

20 | under 28 U.S.C. §2255 by the District Court. The Title 28 U.S.C.

21 | §2241 Petition filed on August 24, 2006 specifically addressed

22 | the violation of Title 18 U.S.C. §3192, the "Doctrine of

23 | Specialty". (See Exhibit "A", Footnote 1, page 2) The §2241

24 | Petition did not seek any relief from the subsequent, illegal

25 | second arrest, judgement and imprisonment for Indictment

26 | 05CR-1746-LAB, after the violation of Title 18 U.S.C. §3192 by

27 | the Court.

28 | ///

EXHIBIT B

1   The fraudulent Indictment CR99-470-PA was dismissed with
2   prejudice on September 23, 2005, see exhibit "B", for which
3   the Petitioner was forcibly kidnapped and abducted without
4   extradition from Mexico on June 12, 2005.
5        Subsequently, after dismissal of the fraudulent
6   indictment, the AUSA William P. Cole, Southern District of
7   California, fabricated a "new" complaint on September 23, 2005,
8   in violation of the "Doctrine of Specialty", Title 18 U.S.C.
9   §3192, made an illegal, second arrest. The District Court has
10  used the recharacterization to evade its violation of the
11  "Doctrine of Specialty", Title 18 U.S.C. §3192. It has never
12  addressed the violation, and it cannot provide a transcript from
13  the record, that "the court previously decided" to the Ninth
14  Circuit Court of Appeals. This District Court and the chief Judge
15  Irma E. Gonzalez, who transfered the §2241 Petition have
16  evaded their violation of the Doctrine of Specialty and used
17  the recharacterization as a means to prevent the Petitioner to
18  seek redress from the Ninth Circuit Court of Appeals.
19       The District Court issued an order on December 12, 2006,
20  in order to comply with Castro v. U.S. to the Petitioner to
21  withdraw his Petition otherwise the Court will construe it as a
22  §2255 Motion. The Petitioner, hereby appeals this order and
23  requests the Ninth Circuit Court of Appeals to make a "finding"
24  if the violation of the "Doctrine of Specialty", Title 18 U.S.C
25  §3192, petition is a motion under §2255, and the second arrest
26  after dismissal of the fraudulent Indictment CR99-470-PA,
27  //
28  //

- 2 -

1  in the Central District of California, violation of Title 18
2  U.S.C. § 3192, the "Doctrine of Specialty" by the District
3  Court in the Southern District of California.

4                              Respectfully submitted,
5  Dated:  12/20/2006
6                              Arif Durrani
                               pro se
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
1   Arif Durrani
    Federal Register No. 09027-014
2   Federal Correctional Complex
    Victorville Medium I
3   Post Office Box 5300
    Adelanto, California 92301
4
    pro se
5
6
7
8                   UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA
10  ARIF DURRANI,              )   CASE NO.   06CV1730-LAB(JMA)
                               )   Ninth Cir. Case No. 06-56376
11        Petitioner,          )
                               )
12  vs.                        )
                               )   WITHDRAWAL OF PETITION AND
13                             )   NOTICE OF APPEAL FOR COURT
                               )   ORDER DATED 12/12/2006
14  S.A. HOLENCIK,             )
                               )   ADDENDUM
15        Respondent.          )
    _____)
16
17
18        [T]he Court emphasizes Durrani is confined by
          Court order following a jury trial, so his petition
19        seeking release from custody "is squarely within the
          scope of §2255."
20
          District Court Order dated December 12, 2006, page 2,
21
          line 8 & 9
22  The Ninth Circuit Court of Appeals should take judicial notice,
23  that, the trial stated by the District Court is subsequent
24  (after) its violation of Title 18 U.S.C. §3192, the "Doctrine
25  of Specialty." The Petitioner will reinstate his §2241 Petition
26  after the Ninth Circuit Court of Appeals conclude's the confine-
27  ment is due to the violation of Title 18 U.S.C. § 3192.
28  //
```

- 4 -

1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11    ARIF DURRANI,                                    CASE NO. 06CV1730-LAB (JMA)

12                              Petitioner,            **CASE STATUS AND NOTICE**
                                                       **ORDER**
13          vs.

      S.A. HOLENCIK,
14
                              Respondent.
15          Petitioner Arif Durrani ("Durrani"), proceeding *pro se*, filed a Petition For Writ of

16    Habeas Corpus ("Petition") purportedly pursuant to 28 U.S.C. § 2241.  The case was

17    originally assigned to Chief Judge Irma E. Gonzalez.  Judge Gonzalez determined the

18    petition actually seeks relief appropriately pursued under 28, U.S.C. § 2255, and that such

19    relief should be sought from the sentencing judge.  She accordingly instructed the Clerk of

20    Court to transfer the case to the undersigned District Judge in an Order entered

21    August 31, 2006.  On September 6, 2006, this court considered Durrani's Petition, found he

22    merely restated and revisits issues the court previously decided, and sua sponte denied the

23    Petition and dismissed the case.

24          Durrani filed a Notice Of Appeal on September 25, 2006, without first seeking a

25    certificate of appealability.  By Order filed November 2, 2006, the Ninth Circuit stated this

26    appeal    appears to arise under 28 U.S.C. § 2255" and "remanded to the district court *for*

27    *the limited purpose of* granting or denying a certificate of appealability" (emphasis added).

28    Durrani filed a Response to that Order in the Ninth Circuit, disputing that his habeas petition

                                              1

                                                                              06CV1730

1    filed under Section 2241 seeking immediate release is actually a Section 2255 motion

2    challenging his conviction or sentence.[1] He states he "will not accept recharacterization" of

3    his 28 U.S.C. § 2241 Petition as a motion under 28 U.S.C. § 2255.

4        The government has filed a Memorandum Re Case Status Upon Remand in

5    consideration of Durrani's insistence he may pursue Section 2241 habeas relief on the facts

6    of this case, despite the gravamen of his challenges arising from his conviction and sentence

7    and the construction of his challenges by two courts as actually arising under Section 2255.

8    The government emphasizes Durrani is confined by court Order following a jury trial, so his

9    petition seeking release from custody "is squarely within the scope of § 2255."

10        The court has considered Durrani's arguments and rejects his characterization of the

11    relief and grounds for relief in his circumstances as other than a Section 2255 motion, in light

12    of the procedural posture of this case and the Ninth Circuit's instructions that this court issue

13    or deny a certificate of appealability on that basis. Before the court can recharacterize the

14    pro se filing as a first Section 2255 motion, however, it is obligated to provide the following

15    explanation, notice, and admonitions:

16            In such circumstances the district court must **notify** the *pro se*
           litigant that it intends to recharacterize the pleading, **warn** the

17            litigant that this recharacterization means that any subsequent
           § 2255 motion will be subject to the restrictions on "second or

18            successive" motions, and **provide the litigant an opportunity
           to withdraw the motion or to amend it** so that it contains all

19            the § 2255 claims he believes he has. If the court fails to do so,
           the motion cannot be considered to have become a § 2255

20            motion for purposes of applying to later motions the law's
           "second or successive" restrictions. § 2255, ¶ 8.

21

22    <u>Castro v. United States</u>, 540 U.S. 375, 382 (2003) (emphasis added).

23        The court hereby notifies Durrani of its intent to construe and process his petition as

24    a Section 2255 motion rather than a Section 2241 Petition. The court warns Durrani of the

25    consequences of that treatment:

26            Under a longstanding practice, a court sometimes treats
           as a request for habeas relief under 28 U.S.C. § 2255 a motion

27            that a *pro se* federal prisoner has labeled differently. Such

28        [1]   The government has filed a Memorandum Re Case Status Upon Remand, attaching as
its Exhibit 1 Durrani's "response" to the Ninth Circuit's Order.

2

1   recharacterization can have serious consequences for the
    prisoner, **for it subjects any subsequent motion under § 2255**
2   **to the restrictive conditions that federal law imposes upon**
    **a "second or successive" (but not upon a first) federal**
3   **habeas motion. § 2255, ¶ 8.**

4   Castro, 540 U.S. at 377 (emphasis added).

5        Before proceeding to implement the Ninth Circuit's remand instructions, however, the

6   court will provide Durrani "with an opportunity to withdraw, or to amend" the filing (Castro,

7   540 U.S. at 377, 382), in consideration of the potential consequences, by setting a deadline

8   of **December 29, 2006** for him to file a request to withdraw his current petition, or to file an

9   Amended Petition.  If he neither withdraws nor amends his petition by that deadline, the

10  court will implement the Ninth Circuit's instructions from its remand Order, construing the

11  habeas petition Durrani filed on August 24, 2006 as a Section 2255 Motion.

12       **IT IS SO ORDERED**.

13  DATED:  December 12, 2006

14

15  HONORABLE LARRY ALAN BURNS
    United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

3                                                        06CV1730

# CERTIFICATE OF SERVICE

I, __Arif A. Durrani_____ hereby certify that I have served a true
and correct copy of the following:

Withdrawal of Petition and Notice of Appeal

for Court Order dated 12/12/2006

Which is deemed filed at the time it was delivered to prison authorities for
forwarding, **Houston v. Lack**, 101 L.Ed.2d 245 (1988), upon the defendant/
defendants and or his attorney/attorneys of record, by placing same in a
sealed, postage prepaid envelope addressed to:

Clerk of the Court                Clerk of the Court
U.S. District Court               United States Court of Appeals
880 Front Street #4290            Ninth  Circuit
San Diego, CA 92101               P.O. Box 193939
                                  San Fransisco, CA 94119-3939

**and deposited same in the United States Mail** at the Federal Correctional
Institution,.

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the
foregoing is true and correct.

Dated this __20th__ day of __December_____, 20__06__ .

_____
__Arif A. Durrani__

EXHIBIT "A"

1  CAROL C. LAM
   United States Attorney
2  WILLIAM P. COLE
   Assistant U.S. Attorney
3  California State Bar No. 186772
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7859/(619) 557-7055 (Fax)
   Email: William.P.Cole@usdoj.gov

6

7  Attorneys for Plaintiff
   United States of America

8

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11                  (HONORABLE LARRY A. BURNS)

12  ARIF ALI DURRANI,                    )  Case No. 06-CV-1730-LAB
                                         )  (Ninth Circuit Case No. 06-56376)
13                       Petitioner,     )
                                         )  GOVERNMENT'S MEMORANDUM RE:
14          v.                           )  CASE STATUS UPON REMAND
                                         )
15  S. A. HOLENCIK,                      )
                                         )
16                       Respondent.     )
                                         )
17  _____     )

18          COMES NOW Plaintiff United States of America, by and through its counsel, Carol C.

19  Lam, United States Attorney, and William P. Cole, Assistant U.S. Attorney, and files this

20  Memorandum regarding the status of this case upon remand from the Ninth Circuit.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

I

## PROCEDURAL HISTORY

In August 2006, Arif Ali Durrani filed a petition for a writ of habeas corpus, purportedly under 28 U.S.C. § 2241.[1] Chief Judge Irma E. Gonzalez determined the petition actually sought relief under 22 U.S.C. § 2255 and transferred the case to this Court, as this Court sentenced Durrani in 05-CR-1746-LAB. On September 11, 2006, the Court entered judgment denying Durrani's petition.

Without first seeking a certificate of appealability, Durrani attempted to appeal from this Court's judgment denying his petition. On November 2, 2006, the Ninth Circuit issued an order remanding the case to this Court to determine whether any issue raised by Durrani meets the required showing for a certificate of appealability.

Following the Ninth Circuit's order, Durrani filed a "response" to the order in the Ninth Circuit. [Exhibit 1.] In that response, Durrani stated that he "will not accept the recharacterization" of his petition as a motion under 28 U.S.C. § 2255.[2]

II

## THE COURT SHOULD GIVE DURRANI THE
## OPPORTUNITY TO WITHDRAW HIS PETITION

If Durrani does not wish to accept the recharacterization of his petition, then this Court should notify Durrani of his opportunity to withdraw his petition, in light of the consequences that flow from the recharacterization.

---

[1]    The petition contends that the Government violated the rule of specialty by trying him for offenses different from the ones for which he now claims he was "extradited" from Mexico. Should the Court desire any briefing from the Government concerning whether this contention warrants a certificate of appealability, the Government will promptly provide it.

[2]    Durrani also has contended that his petition doesn't seek relief that can be recharacterized as a § 2255 motion. On that point, he is patently wrong. Durrani's confinement is upon this Court's judgment following a jury trial. The petition seeking his release from custody is squarely within the scope of § 2255.

1    In <u>Castro v. United States</u>, 540 U.S. 375 (2003), the Supreme Court held:

2    Under a longstanding practice, a court sometimes treats as a request for habeas
     relief under 28 U.S.C. § 2255 a motion that a <u>pro se</u> federal prisoner has labeled

3    differently.   Such recharacterization can have serious consequences for the
     prisoner, for it subjects any subsequent motion under § 2255 to the restrictive

4    conditions that federal law ~~imposes~~ upon a "second or successive" (but not upon
     a first) ~~federal habeas~~ motion. [Citation.] In light of these consequences, we hold

5    that the court cannot so recharacterize a <u>pro se</u> litigant's motion as the litigant's
     first § 2255 motion <u>unless</u> the court informs the litigant of its intent to

6    recharacterize, warns the litigant that the recharacterization will subject subsequent
     § 2255 motions to the law's "second or successive" restrictions, and provides the

7    litigant with an opportunity to withdraw, or to amend, the filing.   Where these
     things are not done, a recharacterized motion will not count as a § 2255 motion for

8    purposes of applying § 2255's "second or successive" provision.

9    <u>Id.</u> at 377 (emphasis in original).

10           Accordingly, the Government respectfully recommends that the Court give Durrani notice

11   of his right to withdraw or amend his petition and of the fact that the Court's recharacterization of

12   his present petition will subject subsequent motions under § 2255 to the "second or successive"

13   motion restrictions set forth in § 2255.

14           DATED: December 6, 2006

15                                       Respectfully submitted,

16                                       CAROL C. LAM
                                         United States Attorney

17                                       s/William P. Cole

18                                       _____
                                         WILLIAM P. COLE

19                                       Assistant United States Attorney

20                                       Attorneys for Plaintiff
                                         United States of America
21                                       Email: William.P.Cole@usdoj.gov

22

23

24

25

26

27

28                              3                    06-CV-1730-LAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARIF ALI DURRANI, | ) | Case No. 06-CV-1730-LAB |
| | ) | (Ninth Circuit Case No. 06-56376) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| S. A. HOLENCIK, | ) | |
| | ) | |
| Respondent. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, WILLIAM P. COLE , am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I am effecting service of **GOVERNMENT'S MEMORANDUM RE: CASE STATUS ON REMAND** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. N/A.

I hereby certify that ~~I am causing~~ to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    1. Arif Ali Durrani
      #09027-014
      FCI-Victorville I
      P.O. Box 5300
      Adelanto, CA 92301

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2006.

                        s/William P. Cole
                        WILLIAM P. COLE

EXHIBIT "B"



1  DEBRA WONG YANG
   United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   WILLIAM A. CROWFOOT (SBN 134173)
4  Assistant United States Attorney
        1300 United States Courthouse
5       312 North Spring Street
        Los Angeles, California 90012
6       Telephone: (213) 894-4465
        Facsimile: (213) 894-6436
7       Email: william.crowfoot@usdoj.gov

8  Attorneys for Plaintiff
   United States of America

9

                    UNITED STATES DISTRICT COURT
10
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12 UNITED STATES OF AMERICA,      )  No. CR 99-470-PA
                                  )
13           Plaintiff,           )  [PROPOSED] ORDER
                                  )
14           v.                   )
                                  )
15 ARI DURRANI                    )
                                  )
16           Defendant.           )
                                  )
17                                )
                                  )
18                                )

19      Upon motion of the United States of America, the Court

20 HEREBY DISMISSES with prejudice the above-captioned indictment.

21

22 DATED: September 23, 2005

23                                   THE HON. PERCY ANDERSON
                                     United States District Judge
24

25 Presented by:

26

27 WILLIAM A. CROWFOOT
   Assistant United States Attorney
28

   cc: PSA
       USPO
       USM              Release Order Issued
                            D 6270

FILED
CLERK, U.S. DISTRICT COURT

SEP 23 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3 ✓
Scan Only

LODGED
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTER ON CMS

SEP 26 2005

27

December 20, 2006

Ref: Case # 06 CV1730 -LAB.
06 - 56376

Dear Clerk,

Please file the two motions and forward a filed copy for my records or a current docket sheet with the entry of these two motions.

Your assistance is greatly appreciated.

Sincerely,

Encl: Motion for withdrawal of Notice of Appeal.
Motion for Notice of Appeal.

1
2
3
4
5
6
## UNITED STATES DISTRICT COURT
7
## SOUTHERN DISTRICT OF CALIFORNIA
8
9   ARIF DURRANI,                             CASE NO. 06CV1730-LAB (JMA)

10                         Petitioner,       **AMENDED JUDGMENT**

11     vs.
    S.A. HOLENCIK,

12                       Respondent.

13       In a March 30, 2007 Order, the Ninth Circuit vacated this court's September 6, 2007

14 Order *sua sponte* denying petitioner Ari Durrani's habeas petition in this matter, upon which

15 a Clerk's Judgment was entered dismissing the case. Although Durrani purported to file the

16 petition pursuant to 28 U.S.C. § 2241, the court construed the petition as a 28 U.S.C. § 2255

17 motion challenging his federal conviction. Although the Ninth Circuit concurs in that

18 construction, in vacating the Judgment and remanding the matter, the Ninth Circuit instructs

19 this court to construe Durrani's January 3, 2007 filing in this case as a request to withdraw

20 his Petition and to grant the request. Accordingly, as the original Judgment in this case is

21 vacated by Order of the Ninth Circuit, **IT IS HEREBY ORDERED** the court construes

22 Durrani's January 3, 2007 filing as a request to withdraw his Petition and **GRANTS** that

23 request. **IT IS FURTHER ORDERED** the Clerk of Court shall enter this Amended Judgment,

24 terminating the case in its entirety on that basis.

25      **IT IS SO ORDERED**.

26 DATED: October 12, 2007

27                      *Larry A. Burns*

28                   **HONORABLE LARRY ALAN BURNS**
                  United States District Judge

06CV1730

EXHIBIT C



**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-4445
Fax: (213) 894-4422

**COURT INTERPRETER SERVICES**
213-894-4370
FAX 213-894-5483

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(909) 328-4450

### DECLARATION OF INTERPRETER

I, the undersigned, say:

I am an official court interpreter of English and _____ Spanish _____.
I certify that the attached translation from _____ Spanish _____ into _____ English _____
is true and correct to the best of my abilities and belief.

### Description of Document(s)

Notice of Exclusion of Arif Ali Durrani

Executed under penalty of perjury on _____ September 18, 2005 _____ at _____ Los Angeles _____,
California.

Elisa Cabal
Name of Interpreter

Signature of Interpreter

Case Name        :
Case Number   :
Ordered by        : A.U.S.A. William Crowfoot
File Name          : MexDocDurrani.eic.doc
Words/Pages    : 335 words

I-1 (07/03)                          **DECLARATION OF INTERPRETER**

EXHIBIT D

[Upper left corner bears the imprint of a round seal which reads as follows]:

United Mexican States
Department of State
National Institute of Migration


Office of Coordination for Migration Control and Verification
Office of the Director of Imposition of Sanctions
Assistant Director of Resolutions
Department of Judgements


File No.        5530
Re:             Notice of Decision to Exclude


Mexico, D.F. June 14, 2005

ARIF ALI  DURRANI
NATIONALITY: PAKISTANI
Hand-Deliver

Pursuant to the order stated in Point Number One of the Decision dated June 14 of 2005
issued by this Office of Coordination for Migration Control and Verification in the
administrative file opened under your name, I hereby notify you of said decision
contained on one signed official paper the relevant portion of which literally reads as
follows: " *EXCLUSION OF ARIF ALI DURRANI, A PAKISTANI NATIONAL, HAS
BEEN ORDERED AS HE HAS FAILED TO PROVE HIS LEGAL STATUS IN THE
COUNTRY, CONDUCT WHICH IS DESCRIBED AND TAKEN INTO ACCOUNT IN
ARTICLE 123 OF THE LAW OF GENERAL POPULATION.* "

Additionally, pursuant to Point Number Two of the same decision he is hereby notified as
follows: *"ARIF ALI DURRANI, A PAKISTANI NATIONAL, IS HEREBY NOTIFIED
THAT HE IS FORBIDDEN FROM REENTERING NATIONAL TERRITORY WITHOUT
PRIOR PERMISSION TO REENTER WHICH HE MAY APPLY FOR TEN YEARS FROM
THE DATE OF NOTICE OF THIS DECISION UNDER THE TERMS PROVIDED BY
ARTICLE 229 OF THE RULES OF THE LAW OF GENERAL POPULATION."*

Execution of the decision issued shall be the responsibility of C. LUIS MARIANO
MARTINEZ CRUCES,  Chief of the Department of Security and Custody of the
Migration Station. He shall appoint the inspector responsible for taking the foreign
national to the International Airport in Mexico City.

This document is issued for your information and for all pertinent legal purposes.

Sincerely,
Effective Suffrage – No Re-election
Department Chief
[Signature illegible]
C. Guadalupe Fernandez Salazar


[The document bears the imprint of a round, numbered seal to the right of the signature which reads as follows]:
[illegible words] Dispatched
June 14, 2005
Department of Execution



SECRETARIA DE GOBERNACION
INSTITUTO NACIONAL DE MIGRACIÓN

COORDINACICION DE CONTROL Y
VERIFICACIÓN MIGRATORIA
DIRECCIÓN    DE    APLICACIÓN    DE
SANCIONES
SUBDIRECCION DE RESOLUCIONES
DEPARTAMENTO DE DICTAMINACIÓN

EXPEDIENTE: 1900/2005

OFICIO No  5530

ASUNTO: SE NOTIFICA RESOLUCIÓN DE
EXPULSIÓN.

México, D. F. 14 de junio de 2005.

ARIF ALI DURRANI
NACIONALIDAD: PAKISTANÍ
PRESENTE

En cumplimiento a lo ordenado en el Punto Resolutivo Primero de la Resolución de fecha 14 de junio del 2005, dictada por esta Coordinación de Control y Verificación Migratoria, en el expediente administrativo, abierto a su nombre, me permito notificar a usted la misma en una foja útil con firma autógrafa, la que en su punto resolutivo Primero cita textualmente "SE DETERMINA LA EXPULSIÓN DE ARIF ALI DURRANI, DE NACIONALIDAD PAKISTANI, POR ADECUAR SU CONDUCTA EN LA HIPOTESIS CONTEMPLADA EN EL ARTÍCULO 123 DE LA LEY GENERAL DE POBLACIÓN, AL NO ACREDITAR SU LEGAL ESTANCIA EN EL PAÍS, SANCIONADA POR EL ARTÍCULO 125 DE LA PROPIA LEY".

Asimismo, en cumplimiento del Resolutivo Segundo de la propia resolución se le notifica: APERCÍBASE A ARIF ALI DURRANI DE NACIONALIDAD PAKISTANI, LA PROHIBICIÓN QUE TIENE PARA INTERNARSE NUEVAMENTE A TERRITORIO NACIONAL, SIN HABER OBTENIDO PREVIAMENTE ACUERDO DE READMISIÓN. PARA LO CUAL SE LE FIJA EL PERIODO DE DIEZ AÑOS, A PARTIR DE LA NOTIFICACION DE LA PRESENTE RESOLUCIÓN PARA SOLICITARLO EN TERMINOS DEL ARTICULO 229 DEL REGLAMENTO DE LA LEY GENERAL DE POBLACION.

Para la ejecución de la resolución emitida, se comisiona al C. LUIS MARIANO MARTÍNEZ CRUCES, jefe del departamento de Seguridad y Custodia de la Estación Migratoria, para que designe al inspector que conduzca al extranjero, al Aeropuerto Internacional de la Ciudad de México.

Lo anterior para su conocimiento y fines legales conducentes.

A T E N T A M E N T E .
SUFRAGIO EFECTIVO. NO REELECCIÓN
JEFE DE DEPARTAMENTO

C. GUADALUPE HERNANDEZ SALAZAR

DESPACHADO
14 JUN 2005
DEPARTAMENTO
DE
EXPULSION

c.c.p. Lic. Héctor Eduardo Zelonka Valdés, Director de Aplicación de Sanciones, para su conocimiento. Presente
c.c.p. Lic. Eliseo Reyes Rodriguez, Jefe del Dpto. Técnico Operativo en Estación Migratoria, para su conocimiento.
c.c.p. C. Delegado del Instituto Nacional de Migración del punto de salida, para su conocimiento y apoyo

6 5 2

CERTIFICATE OF SERVICE

I, **NETTIE RAFEE** declare:

That I am a citizen of the United States and resident or employed in Los Angeles, County, California; that my business address is Office of United States Attorney, Federal Courthouse 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of   California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on March 11, 2008,  I deposited in the United States mail, at the U.S. Courthouse, in the above-entitled action, in an envelope bearing the requisite postage,

a copy of: GOVERNMENT'S MOTION TO TRANSFER DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; EXHIBITS

**was:**
[] Placed in a closed             [X] Placed in a sealed
envelope, for collection              envelope for collection and
and interoffice delivery              mailing via United States Mail,
addressed as follows:                addressed as follows:

[] By hand delivery               [] By facsimile as follows:
addressed as follows:

[ ] By messenger as follows:   [ ] By federal express as follows:

**ARIF DURRANI**
**Reg No. 09027-014**
**FCI VICTORVILLE MEDIUM 1**
**FEDERAL CORRECTIONAL INSTITUTION**
**P.O. BOX 5300**
**ADELANTO, CA 92301**

at his last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on **March 11, 2008**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_Nettie Rafee_
**Nettie Rafee**