THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
WILLIAM A. CROWFOOT
Assistant United States Attorney
OCDETF Section
California Bar Number: 134173
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4465
Facsimile: (213) 894-0142
Email: william.crowfoot@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF ALI DURRANI,<br><br>Petitioner,<br><br>v.<br><br>S.A. HOLENCIK, Warden<br><br>Respondent. | CV No. 06-6281-PA<br>(CR No. 99-470-PA)<br><br>GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO TRANSFER OR DISMISS DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

Respondent, S.A. Holencik, Warden, United States Penitentiary-Victorville, by and through respondent's attorney of record, the United States Attorney for the Central District of California, hereby submits his reply to defendant's opposition to government's motion to transfer or dismiss the Petition for Writ of Habeas Corpus filed by petitioner ARIF ALI DURRANI pursuant to 28 U.S.C. § 2241. This reply is based on the attached Memorandum of Points and Authorities, all files and records in this case,

///

and any further evidence as may be presented at any hearing on this matter.

DATED: May 7, 2008

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

/S/

WILLIAM A. CROWFOOT
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

MEMORANDUM OF POINTS AND AUTHORITIES

I

INTRODUCTION

Petitioner Arif Ali Durrani ("defendant") is presently in federal custody serving a 150-month sentence imposed by the district court in the Southern District of California following his conviction in 2006 in United States v. Arif Durrani, CR 05-1746-LAB (S.D. Cal. 2006). (CASD CR 127).[1] On October 2, 2006, defendant filed a petition for a writ of habeas corpus in the instant case (CR 1; "Def's Mot."). He seeks an order of immediate release pursuant to 28 U.S.C. § 2241. (Def's Mot. 1-2).

In its motion to transfer or dismiss defendant's § 2241 petition the government argued that this Court lacks jurisdiction to entertain defendant's petition and that it should be construed as a petition under 28 U.S.C. § 2255 and transferred to the Southern District of California where defendant was convicted and sentenced or dismissed. The government argued that defendant is imprisoned based on his conviction and sentence in United States v. Arif Durrani, CR 05-1746-LAB (S.D. Cal. 2006). (CASD CR 127). The indictment in this district, in United States v. Arif

---

[1] "CR" refers to the Clerk's Record in the instant case, "CACD CR" refers to the Clerk's Record in United States v. Arif Durrani, CR 99-470-PA, "CASD CR" refers to the clerk's record in United States v. Arif Durrani, CR 05-1746-LAB (S.D. Cal. 2006), "08-55082 CR" refers to the Clerk's Record in Arif Ali Durrani v. S.A. Holencik, CA No. 08-55082 (9th Cir. 2008), and "08-70269 CR" refers to the Clerk's Record in Arif Ali Durrani v. United States District Court for the Central District of California, et al., CA No. 08-70269 (9th Cir. 2008). Each such reference is followed by the document control number which was obtained through PACER.

Durrani, CR 99-470-PA (the "1999 indictment"), was dismissed with prejudice on September 23, 2005 and this Court ordered defendant released. (CACD CR 27). His subsequent arrest, detention and transportation to the Southern District of California were based on the arrest warrant issued in that district. (CASD CR 2).

In his opposition to the government's motion ("Def's Opp."), served on the government on April 23, 2008, defendant reiterated that his § 2241 petition seeks to "correct [this Court's] erroneous Release Order" of September 23, 2005. (Def's Opp. 2). In essence, defendant argues that this Court, by ordering defendant released after dismissal of the 1999 indictment in effect deprived defendant of the opportunity to challenge the legality of his arrest in that case. (Id.). This argument lacks merit and this Court should stand by its initial determination to construe defendant's petition as a § 2255 petition required to be filed in the Southern District.

II

STATEMENT OF FACTS

A Statement of Facts is set forth in the government's motion and is not repeated here.

III

ARGUMENT

A. DEFENDANT'S PETITION SHOULD BE CONSTRUED AS A PETITION PURSUANT TO 28 U.S.C. § 2255

On September 23, 2005, this Court dismissed the 1999 indictment against defendant and ordered him released. But for the arrest warrant issued in the Southern District of California, defendant would have been free to continue his journey to

Pakistan or to attempt to return to Mexico to contest the legality of his expulsion. Instead, he was transported to the Southern District to answer to charges stemming from facts and circumstances unrelated to those which resulted in the 1999 indictment. After a protracted course of pre-trial litigation and a jury trial, defendant now finds himself imprisoned, not because this Court released him in error, or failed to provide safe conduct out of the country, but, because he was unwilling to present to the district court in the Southern District, as he should have when he had the opportunity to do so, the claims he raises here.[2]

Defendant implies that the Ninth Circuit, in remanding this matter, determined that this Court erred in its July 16, 2007 determination that defendant's § 2241 petition was, in fact a § 2255 petition, required to be filed in the district in which defendant was convicted or sentenced. (Def's Opp. at 11). The Ninth Circuit did no such thing. On November 16, 2007, the Ninth Circuit issued an order in which it found that, because the Southern District had vacated an earlier judgment and allowed defendant to withdraw his § 2255 motion in CV-06-1730 (S.D. Cal.

---

[2] See, e.g., Case Status and Notice Order dated December 12, 2006, defendant's Withdrawal of Petition, filed January 3, 2007, and Amended Judgment dated October 12, 2007, in Arif Durrani v. S.A. Holencik, CV 06-1730-LAB (S.D. Cal. 2006), attached as Exhibits A, B and C, respectively, to the government's motion to transfer or dismiss defendant's petition in this case. The referenced exhibits address the Southern District's re-characterization of defendant's petition pursuant to 28 U.S.C. § 2241, which raised issues also raised in the instant case, as a § 2255 petition, and defendant's refusal to accept that re-characterization or to proceed with his petition.

2006), his filing in the instant case was not successive, as this Court had assumed in not transferring it to the Southern District. (CR 10). In addition, the Ninth Circuit noted, presumably for this Court's information and consideration, but without further comment or analysis, that on September 10, 2007, defendant had "filed a document [in the Ninth Circuit] stating that [defendant's petition in the instant case] challenges, not a Southern District decision, but rather a release order issued by [this Court] in Case No. CR-99-470-PA." (Id.). The Ninth Circuit then ordered defendant's motion transferred back to this Court without limiting this Court's discretion. (Id.).

This Court's July 16, 2007 determination that defendant had filed a § 2255 claim in the wrong district continues to be correct. Defendant's contention that he was extradited from Mexico is unfounded and there is no merit to his argument, based on the doctrine of specialty, that upon the dismissal of the 1999 indictment he should have been allowed to leave the United States. In his opposition, defendant ignores the fact that had he been extradited from Mexico, he would have records of those proceedings upon which to rely.

There is also no basis in fact for defendant's contention that he was kidnaped in Mexico. Defendant was notified by the government of Mexico on June 14, 2005, that he was expelled from that country for failure to maintain his immigration status. (See Def's Opp. Appendix E, also attached with a translation as Exhibit D to the government's motion to transfer or dismiss defendant's petition). Defendant may disagree with that action by the Mexican government, but this Court is not the place in

which to seek a remedy, nor is a mis-characterized § 2241 petition the vehicle.

In short, nothing about the circumstances of this case required that this Court issue a release order in September 2005 shielding defendant from a subsequent arrest pursuant to the Southern District warrant. Thus, defendant finds himself in custody based on the conviction and sentence in the Southern District and not as a result of any erroneous decision by this Court.

**III**

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court construe defendant's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 as a petition challenging the legality of his conviction or sentence pursuant to 28 U.S.C. § 2255 and, as such, transfer defendant's petition to the Southern District of California, where defendant was convicted and sentenced, or, alternatively, dismiss the petition without prejudice.

DATED: May 7, 2008

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

/S/
WILLIAM A. CROWFOOT
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

CERTIFICATE OF SERVICE

I declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 N. Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

that I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO TRANSFER OR DISMISS DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

service was:

[ ] Placed in a closed envelope for collection & interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection & mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

ARIF DURRANI (FED REG #09027-014)

FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 5300
ADELANTO, CA 92301

FCI VICTORVILLE MEDIUM I
SATELLITE CAMP
PO BOX 5100
ADELANTO, CA 92301

This certificate is executed on May 7, 2008, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

/S/
Roland Hernandez