

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARIF A. DURRANI,

    Petitioner,

v.

S.A. HOLENCIK,

    Respondent.

CASE No. CV-06-6281-PA

EX-PARTE JUDICIAL NOTICE TO EXPURGATE AND CORRECT THE JULY 17, 2007, ORDER TO COMPLY WITH THE RULE OF SPECIALTY.

    The petitioner, Arif A. Durrani, hereby respectfully requests leave of the court to submit this Ex-parte, 2nd Judicial Notice, and Request to expurgate its July 17, 2007 order and correct it based upon the evidence now before the court. He submitted his response via certified mail. It was received on April 23, 2008, by the Clerk of the Court. The government responded on May 7, 2008.

    The petitioner submitted a judicial notice which was filed by the Clerk on May 29, 2008. The government did not comply with Rule 106 in its initial brief or response. The Rule of Completeness was designed to prevent the government from offering "misleadingly tailored snippets". The government must provide all of the documents to support its statements. They are

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

1 available to this district court, as the trier of facts from
2 the government's attorney and or can be obtained from the
3 government of Mexico. See Appendix 'A'. The petitioner has
4 these documents identified and has a pending Case No. 1:08-
5 CV-609(CKK), in the district of Columbia, to get them officially
6 released. These documents will only reaffirm that this district
7 court was merely used as a way station in a pattern of criminally
8 prosecutable misconduct by the two assistant U.S. attorneys,
9 William P. Cole and William A. Crowfoot. Hypocritically,
10 the government asserts in its response (CR # 30, Page 4,
11 line 18-20) that the petitioner would have records of his
12 extradition. The petitioner has provided documents purported
13 to have been in his possession upon arrival, but were actually,
14 in fact, were in physical possession of deputy U.S. Marshal
15 Reyes, from the Central District of California. He created
16 the customs entry and declaration forms in his own handwriting.
17 The petitioner requests the government attorney to now produce
18 the concealed documents outlining their own criminal conspiracy.
19 This request is to hold the prosecutor accountable for what
20 he has told the courts. If it is the same as he told the
21 courts in the documents, then these prosecutors have nothing
22 to fear from the release of the documents. What they knew
23 and when they knew in order to mislead the courts, and that,
24 at a minimum, the court would have made a different decision.
25 The petitioner also requests referral of this misconduct to
26 /
27 //
28 //

the Inspector General, Department of Justice under 28 U.S.C. §535(b).

The petitioner additionally, requests the court to take judicial notice of this complaint and the untruthful statements made by the government attorney(s). Further, the court must expurgate its July 17, 2007, order (CR # 8) and comply with the established principles of extradition laws of specialty, nunc pro tunc to its September 23, 2005, dismissal order. The documents to support this request are on the record in this case. The arrest on June 15, 2005, was a precursor to unlawfully hold the petitioner and fabricate an offense in the Southern District of California. The government attorney in San Diego, did not have any probable cause on June 12 or 15, 2005. His intent was to use this court to manufacture it. Which he did after 106 days of June 15, 2005, upon the arrest and extradition from Mexico. That is precisely what the concealed documents confirm.

The futile suggestion to transfer this petition must fail because of the misconduct and violation of the constitutionally protected rights for the unlawful extradition, search and seizure on June 22, 2005. The probable cause to manufacture an offense in San Diego, is based on the use of this fraudulent indictment CR99-470-PA. In addition the clear premeditated speedy trial rights violation of the petitioner.

/

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

1   For the foregoing reasons, and in the interest
2   of justice, the district court must grant this petition.
3
4   Respectfully submitted, on this 10th day of June,
5   2008.

   Arif A. Durrani
   Petitioner

8   AFFIDAVIT OF MAILING

9   Arif A. Durrani, hereby attests that pursuant to the
10  U.S. district court rules, the preceding motion was
11  enclosed in an envelope, first class postage prepaid and
12  addressed to:

13  Office of the Clerk
    U.S. District Court
14  Room G-8
    312 North Spring Street
15  Los Angeles, CA 90012

17  AUSA William A. Crowfoot
    U.S. Attorneys Office
18  U.S. Courthouse
    312 North Spring Street
19  Los Angeles, CA 90012

20  It is further attested that the envelopes were
21  deposited with the mail room at the Federal Correctional
22  Complex on the 10th day of June, 2008.

   Arif A. Durrani

27  /
28  //

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

- 4 -

# Appendix A

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642         Washington, D.C. 20530

**MAY 2 2 2008**

Mr. Arif A. Durrani
Register No. 09027-014
Federal Correctional Institution        Re:   Appeal No. 08-0363
Post Office Box 5300                          Request No. 07-2423
Adelanto, CA  92301                           ADW:CL:PED

Dear Mr. Durrani:

This responds to your letter dated April 23, 2008, which I am interpreting as a request that I reconsider my decision on your appeal from the action of the Executive Office for United States Attorneys on your request for access to records pertaining to yourself.

After carefully considering this matter, I have determined that my original decision, as outlined by letter dated February 26, 2008, was appropriate.

If you remain dissatisfied with my action on your appeal, you may file a lawsuit as indicated by letter dated February 26, 2008.

                                Sincerely,

                                Janice Galli McLeod
                                Associate Director

                           By: *[signature]*

                                Brentin V. Evitt
                                Chief, Administrative Appeals Staff

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

April 23, 2008

Ms. Anne D. Work
Deputy Chief Administrative Appeals Staff
U.S. Department of Justice
Office of Information and Privacy
1425 New York Avenue, Suite 11050
Washington, D.C. 20530

Reference: Appeal No. 08-0363 (Request No. 07-2423)

Dear Ms. Work:

Thank you for your letter dated April 17, 2008. I have already filed a lawsuit in the District of Columbia, 1:08-cv-00609-CKK. A summons has already been issued to you on April 10, 2008.

In the last paragraph of your letter, you have stated that "clear evidence" must be provided by person asserting misconduct. I have attached for your review, a copy of the Release Order 6270 (CR99-479-PA). It was dismissed due to "actual innocence". The U.S. attorney in San Diego, had me, an actual innocent person arrested and extradited from Mexico. He used this bogus indictment as a ruse to have me brought and unlawfully held in the Central District of California, to fabricate an offense in his district.

He has lied to the U.S. District and the Ninth Circuit Court of Appeals. He has repeatedly stated that, he had absolutely nothing to do with my arrest in Mexico. He had caused false documents and declarations to be made and presented to the courts. A copy of the forged arrest warrant is attached. It states the arrest took place in Los Angeles, California. I have also enclosed a copy of the investigation report created by the ICE agents Brian Bucaro and Clark Settles, and with Paul's name redacted from it. This information is sufficient under NARA v. Favish, 541 U.S. 157, 172-175 (2004), for "clear misconduct". The documents that you are withholding clearly show the arrest warrant is forged and that, AUSA William P. Cole, is responsible for the arrest and extradition.

   These activities are not covered under the exemption(s) you have cited. These documents to arrest and extradite a known <u>innocent person</u> cannot be claimed under the law enforcement purposes exemption. A known innocent person is not to be subjected to any prosecutorial criminal misconduct by unscrupulous Department of Justice or U.S. Department of Homeland Security employees, there is immense public interest in "honest government" and disclosure. Public servants are held to a high degree of integrity and not permitted to skirt the laws that they are entrusted to enforce. They are not permitted to advance their careers or obtain benefits from such misconduct. As an actual innocent person who was unlawfully arrested and extradited, I am entitled to full disclosure to challenge the veracity of the assertions made by these individuals under oath to the courts. My complaint to the Inspector General, Department of Justice has been referred to the FBI for review. A copy of their referral is also enclosed.

   It is once again, my request that, you release all the documents. You may also contact the Mexican Immigration staff and your own embassy staff in Mexico city to confirm that, both my attorney in Mexico, Carlos Solano-Ortiz, and myself contemporaneously knew your attorneys instructions to them. Your attorney, William P. Cole, is responsible for the cancellation of my Mexican immigration status and loss of all my property. He had me brought to the United States based upon the bogus arrest warrant and indictment.

   I do not believe, you are authorized by anyone to withhold and or conceal prosecutorial criminal misconduct. Therefore, your office must not impede my request, the courts and or law enforcement investigation for this misconduct by AUSA William P. Cole and ICE agents. The release of the documents will also conserve judicial time and expense for the government. Since, AUSA William P. Cole, has claimed he has done absolutely nothing unlawful, nor the ICE agents have fabricated false reports, the release of these documents would only affirm their statements. They should be eager to have these documents in the public record to dispel any allegations against them. It would be helpful to all parties concerned.

Sincerely,

*[signature]*

Arif A. Durrani

cc: Special Agent, FBI, Los Angeles, CA 90024-3672
  Mr. Glenn A. Fine, Inspector General,
  Department of Justice
  H. Marshall Jarrett, Counsel General,
  Office of Professional Responsibility
  Jay Maklin, General Counsel, EOUSA, Washington, D.C.
  Ms. Molly Dwyer, Clerk, U.S. Court of Appeals
  Case No. 07-50031, 06-50344, 08-50007 and 07-55086
  Ms. Nancy Mayer-Wittington, Clerk,
  U.S. District Court, District of Columbia

AAD:ar

**EMBASSY OF MEXICO**
**United States of America**
Number: EUA-09468
Ref: Response to your correspondence.



SECRETARÍA DE
RELACIONES EXTERIORES

**SRE**

Washington, DC, December 3, 2007

Arif A. Durrani
Reg. No. 09027-014
FCC Victorville I
P.O. Box 5300
Adelanto, CA 92301

We are in receipt of your letter of November 9, 2007 requesting that we provide "*all the documents in the file of the Mexican Government for the request of the United States to deport me and arrest me in Mexico City on June 15, 2005, and to conduct and illegal search and seizure of my property in Mexico on June 22, 2005*". You base your petition on the Freedom of Information Act (FOIA).

In this regard, I should underscore that FOIA is only in force in the United States, and therefore Mexican Government officials are not bound by it. Nevertheless, in accordance with Article 40 of the Transparency and Access to Public Governmental Information Law (Transparency Law) in force in Mexico, you have the right to direct your petition to the liaison office of the entity that may have the records you're requesting. In this case, given that your petition relates to a deportation case, your request shall be directed to the National Immigration Institute (*Instituto Nacional de Migración*).

Therefore, your letter has been forwarded to the Mexican Ministry of Foreign Affairs with the request that it be delivered to the National Immigration Institute. You can also write to the liaison office of the National Immigration Institute at:

Reforma 99,
Col. Tabacalera, Cuauhtémoc
Distrito Federal, México

Sincerely,

Carlos Quesnel
Counselor for Legal Affairs

CQM/COZ

1911 Pennsylvania Ave. NW, Washington DC 20006
t.+(202) 7281600----- www.embassyofmexico.org

**EMBASSY OF MEXICO**
**United States of America**
Number: EUA-00027
Ref: Response to your correspondence of December 17th



SECRETARÍA DE
RELACIONES EXTERIORES



Washington, DC.
December 31, 2007

Mr. Arif A. Durrani
Reg. no. 09027-014
FCC Victorville I
P.O. Box 5300
Adelanto, CA 92301

I am in receipt of your letter dated December 17th, concerning your request for documentation regarding your deportation to the United States.

Please be advised that, as I informed you in my communication EUA-09468, this Embassy has already forwarded your letter to the Mexican Ministry of Foreign Affairs, asking that it be delivered to the National Immigration Institute (INM).

Furthermore, I strongly suggest that you request the above information directly from the INM through their website: www.inm.gob.mx. According to Mexican law, an information request has the same legal consequences if it is submitted on paper or electronically.

You can also write to the Consulate of Mexico in San Bernardino, 293 North "D" Street, San Bernardino, CA 92401, and ask them to forward your request to the INM.

Sincerely

Carlos Quesnel
Counselor for Legal Affairs

C.c.p.   Consulado de México en San Bernardino, CA. Para su conocimiento.
CQM/EP

1911 Pennsylvania Ave. NW, Washington DC 20006
t.+(202) 7281600----- www.embassyofmexico.org