UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF DURRANI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>S. A. HOLENCIK,<br><br>　　　　　Respondent. | No. CV 06-6281 PA<br><br>ORDER DIRECTING CLERK TO TRANSFER PETITION TO THE UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF CALIFORNIA |

**SUMMARY**

Petitioner is presently serving a 150 month sentence imposed by the United States District Court in the Southern District of California following his conviction in United States v. Arif Durrani, CR 05-1746 LAB (S.D. Cal. 2006). The defendant contends that he is entitled to an immediate order of release because this court granted the government's motion to dismiss the charges pending against him in this district. See United States v. Arif Durrani, CR 99-470 PA. After reviewing the record, this Court concludes that it lacks jurisdiction to consider the defendant's petition under 28 U.S.C. § 2241. The Court construes the petition as brought under 28 U.S.C. § 2255 and transfers the matter to the United States District Court for the Southern District of California where the defendant was convicted and sentenced.

. . . .

**PROCEDURAL HISTORY**

On May 7, 1999, a grand jury in the Central District of California indicted the defendant for exporting defense articles without a license in violation of 22 U.S.C. § 2778(b)(2) and (c), and 22 C.F.R. § 127.1(d) and 127.3. Based on the 1999 indictment, a warrant for the defendant's arrest was issued in the Central District of California. On June 15, 2005, defendant, who had been living in Mexico, was arrested in Los Angeles. On September 23, the government filed a motion to dismiss the 1999 indictment. This Court granted the motion, dismissed the 1999 indictment, and issued an order releasing the defendant.

On September 23, the government filed a complaint against the defendant in the Southern District of California charging him with conspiring to export defense articles without a license. That complaint charged the defendant with the illegal exportation of military aircraft components in 2004 and 2005. On September 23, 2005, a magistrate judge in the Southern District issued an arrest warrant for the defendant. The defendant was arrested on that warrant on September 26 in the Central District of California. On September 29, a grand jury in the Southern District of California returned a five count indictment charging defendant with one count of conspiracy and four counts of exporting defense articles without a license. On March 17, 2006, a jury found the defendant guilty on all five counts. The defendant appealed that conviction. The conviction was subsequently affirmed by the Ninth Circuit.

On October 2, 2006, defendant filed the instant petition. In an order filed on July 17, 2007, this Court construed the defendant's habeas corpus petition as a motion under 28 U.S.C. § 2255, denied the motion, dismissed the action for lack of jurisdiction, determined the petition successive, and referred the matter to the Ninth Circuit. On November 17, 2007, the Ninth Circuit issued an order in which it found that, because the Southern District had vacated an earlier order and allowed defendant to withdraw his § 2255 motion, the filing in this case was not successive. In addition, the Court noted that the defendant "filed a document stating that [his petition] challenges, not a Southern District decision, but a rather a release order issued by [this Court] in Case No. CR 99-470 PA." The Court ordered defendant's motion transferred back to this Court. On December 27, 2007, this Court issued a briefing schedule. The matter having been fully briefed, the Court construes the

petition as a motion brought under 28 U.S.C. § 2255 and transfers the matter to the Southern District of California where the defendant was convicted and sentenced.

**DISCUSSION**

A federal inmate's petition to challenge the legality of his conviction and sentence must generally be filed under 28 U.S.C. § 2255 in the district in which he was convicted and sentenced, whereas a petition to challenge the manner, location, or conditions of the execution of the sentence must be brought under 28 U.S.C. § 2241 in the custodial district. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000). A federal prisoner may file a habeas corpus petition pursuant to Section 2241 to contest the legality of his conviction or sentence only where his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, denied, 75 U.S.L.W. 3512 (U.S. March 26, 2007) (No. 06-9645) (citations omitted). The "inadequate or ineffective" exception is narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).

Petitioner contends that the district court was without jurisdiction to render a judgment in the Southern District case. Petitioner thus challenges the legality of the judgment and sentence rather than the manner, location, or conditions of his sentence. See Morrison v. Lappin, No. 4:06CV2087, 2006 WL 3545138, at *4 (N.D. Ohio Dec. 9, 2006) (characterizing petitioner's argument that the district court lacked jurisdiction to bring him to trial because he was extradited in violation of the doctrine of specialty as "directly attacking his conviction . . . . squarely within the confines of § 2255. . . ."). Since Petitioner challenges only the legality of his federal sentence, this Court has jurisdiction over the Petition only if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." See Hernandez, 204 F.3d at 865-66. Petitioner neither alleges nor demonstrates that such is the case.[1] See Jeffers v. Chandler, 253 F.3d 827, 830

---

[1] Petitioner seeks an order of immediate release pursuant to 28 U.S.C. § 2241 to which he believes he became entitled in 2005 when the charges in CR 99-470 PA were dismissed. He claims that he is being held based on a release order issued by this Court. The defendant is not being held because of the release order issued by this Court, but rather because of the judgment and sentence entered in the Southern District of California. The defendant apparently believes that this Court should have prevented him from being arrested. Defendant's argument is based on the contention that he was extradited to the United States from Mexico to face the charges pending in this district

-3-

(5th Cir. 2001) (burden of coming forward with evidence to show inadequacy or ineffectiveness of section 2255 remedy rests squarely on petitioner).

Because Petitioner challenges a federal sentence and there has been no showing that the remedy under Section 2255 is inadequate or ineffective, the Court construes the Petition as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This Court, however, does not have jurisdiction to consider Petitioner's motion because it must be brought in the district in which he was convicted or sentenced. Hernandez, 204 F.3d at 865. Accordingly, this action either must be dismissed or transferred to the Southern District of California where petitioner was convicted and sentenced.

Defendant is imprisoned based on his conviction and sentence in United States v. Arif Durrani, CR 05-1746 LAB (S.D. Cal. 2006). The indictment in this district, in United States v. Arif Durrani, CR 99-470 PA was dismissed with prejudice on September 23, 2005 and this Court ordered the defendant released. His subsequent arrest, detention and transportation to the Southern District of California was based on the arrest warrant issued in that district, not the release order issued in this district. The defendant has challenged the legality of his arrest, detention, indictment, trial, conviction and sentence in the trial court in the Southern District and on appeal. He is in custody based on the conviction in the Southern District and not as a result of a decision by this Court. The defendant is not challenging the conditions of his custody, and he is not in custody as a result of the release order issued by this Court.

---

and that he should have been returned to his country of origin based on the doctrine of specialty. There is no basis for the defendant's contention that he was extradited and/or kidnaped from Mexico by the government. The defendant was notified by the Mexican government on June 14, 2005 that he was expelled from that country for failing to maintain his immigration status. Thus, since he was never extradited, the doctrine of specialty cannot be used to challenge his conviction. See United States v. Sensi, 879 F.2d 888, 896 (D.C. Cir. 1989); (citing United States v. Rauscher, 119 U.S. 407, 7 S. Ct. 234, 30 L. Ed. 425 (1886); United States v. Valot, 625 F.2d 308, 310 (9th Cir. 1980) (limiting Rauscher to cases involving formal extradition pursuant to an extradition treaty). Moreover, even if this allegation was true, it is of no moment. See United States v. Alvarez-Machain, 504 U.S. 655, 670 (1992) (defendant's forcible abduction from Mexico did not violate the extradition treaty and therefore did not prohibit his trial in the United States); see also United States v. Matta-Ballesteros, 71 F.3d 754, 761-62 (9th Cir. 1996). This Court was not required to issue a release order that shielded the defendant from a subsequent arrest pursuant to a valid arrest warrant.

-4-

This Court lacks jurisdiction to entertain the defendant's continuing challenge to his conviction in the Southern District. Accordingly, the defendant's petition must be dismissed without prejudice or transferred to the Southern District of California of California.

IT IS THEREFORE ORDERED:

1. The Petition is construed as a motion under 28 U.S.C. § 2255.

2. The Clerk is directed to transfer the Petition to the United States District Court for the Southern District of California.[2]

DATED: August 12, 2008

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

---

[2] The defendant's ex parte application for judicial notice and motion for reconsideration of the denial of his motion for default judgment are denied as moot.



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

**To:**   Clerk, United States District Court
_____ District of _____
_____
_____

**Re:**   Transfer of our Civil Case No. _____
   Case Title: _____

Dear Sir/Madam:

**An order having been made transferring the above-numbered case to your district, we are transmitting herewith our file:**

☐   Original case file documents are enclosed in paper format.
☐   Electronic Documents are accessible through Pacer.
☐   Other: _____
_____

Very truly yours,

Clerk, U.S. District Court

Date: _____   By _____
                                                                    Deputy Clerk

*cc:*   *All counsel of record*

---

### TO BE COMPLETED BY RECEIVING DISTRICT

**Please acknowledge receipt via e-mail to appropriate address listed below and provide the case number assigned in your district:**

☐   CivilIntakecourtdocs-LA@cacd.uscourts.gov   (Los Angeles Office)
☐   CivilIntakecourtdocs-RS@cacd.uscourts.gov   (Riverside Office)
☐   CivilIntakecourtdocs-SA@cacd.uscourts.gov   (Santa Ana Office)

Case Number: _____

Clerk, U.S. District Court

Date: _____   By _____
                                                                    Deputy Clerk

CV-22 (05/08)        **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**