1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF DURRANI,<br><br>　　　　Petitioner,<br><br>vs.<br><br>S.A. HOLENCIK, LARRY ALAN BURNS, ALBERTO GONZALEZ, Attorney General,<br><br>　　　　Respondents. | CASE NO. 08CV1526-LAB<br>[related Case No. 05CR1746-LAB]<br><br>ORDER GRANTING PETITIONER'S REQUEST NOT TO CONSTRUE PETITION AS A 28 U.S.C. § 2255 MOTION<br><br>[Doc. Nos. 174 & 175] |

Petitioner Arif Durrani has filed a variety of challenges to his federal conviction. The current matter arises from a pleading captioned as a "Petition for Writ of Habeas Corpus/Error Pursuant to 28 U.S.C. § 2241: Immediate Release" that he filed in the Central District of California in 2006. The Central District concluded the petition was incorrectly labeled, and re-characterized it as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The Central District transferred the motion to vacate to this District, where it was filed and docketed as a § 2255 motion on August 20, 2008.

Petitioner opposes the recharacterization of his petition and challenges the absence of a warning in compliance with *United States v. Castro*, 540 U.S. 375 (2003). In *Castro*, the Supreme Court held that before recharacterizing a *pro se* filing as a motion to vacate, the district court must notify prisoner of its intent, advise him of the restrictions against second

motions to vacate, and provide him with an opportunity to withdraw his motion or to amend it to raise all the claims he believes he has in one timely § 2255 motion. *Id.* at 377 & 382.

For the reasons stated below, the court finds that this petition is properly treated as one under § 2255, and not § 2241. The court treats Petitioner's objection to the transfer as a request to withdraw the motion to vacate. In any event, because Petitioner's appeal of the denial of his new trial motion is pending before the Ninth Circuit Court of Appeals, dismissal without prejudice would be an appropriate disposition. While this motion does not count as a "first" § 2255, the one year statute of limitations for filing such an attack on the underlying criminal conviction began to run on November 3, 2008.

**I. Background**

In 2006, a jury convicted Petitioner of violating the Arms Export Control Act relative to several shipments of military aircraft components between June 2003 and January 2005. This court imposed a custodial sentence of 150 months. Petitioner's counsel promptly appealed the criminal judgment, but Petitioner also began a series of *pro per* filings in several courts. [Doc. No. 129; *e.g.,* Doc. Nos. 138 to 144] Thus, the procedural history is complex.

**A. Instant § 2255 Motion**

Two months after his conviction, on August 28, 2006, Petitioner signed and dated the instant § 2241 petition and submitted it to the Central District of California, where he was incarcerated. [Case No. 06-CV-6281-PA] The Central District lodged the § 2241 petition on September 25, 2006, then filed it on October 2, 2006. On October 16, 2006, Petitioner filed a supplemental brief that amended his petition. During this time, Ninth Circuit had jurisdiction over the direct criminal appeal.[1]

Two years later, on August 12, 2008, the Central District evaluated the petition and determined that it should be construed as a § 2255 motion because it challenged the legality

---

[1] Simultaneously, on August 24, 2006, Petitioner filed a § 2241 habeas petition in this District. Case No. 06-CV-1730-LAB. Ultimately, the Ninth Circuit deemed this petition "withdrawn" based upon Petitioner's response to this court's *Castro* warning. Case No. 07-55069. That motion does not count as a first § 2255 motion for purposes of the rules governing successive motions. *See Castro*, 540 U.S. at 382.

of the criminal proceedings in this court.[2]  <u>Order Directing Clerk to Transfer Petition to the U.S. District Court for S.D. Calif.</u> [Doc. No. 174]  The Central District found that it did not have jurisdiction over the § 2255 motion because Petitioner had been sentenced in the Southern District.  The court ordered the Clerk to transfer the petition to this District.[3]

As stated above, the transferred petition was docketed in this District in August as a motion to vacate sentence under § 2255 and assigned a civil case number.  Petitioner objected to the recharacterization of his petition and to the transfer from the Central District. [Doc. No. 176]

### B. Appeal of New Trial Motion Pending in Ninth Circuit

Also while the direct appeal was pending, in December 2007, Petitioner submitted a *pro se* motion for a new trial.  Fed. R. Crim. P. 33.  [Doc. No. 165]  The court rejected the Rule 33 motion because of the pending appeal and the Clerk returned the document to Petitioner.  Petitioner filed a notice of appeal from the discrepancy order that rejected the new trial motion for lack of jurisdiction and that appeal is currently pending in the Ninth Circuit Court of Appeal.  [Case No. 08-50007]  The docket indicates that the case is ready for calendaring, thus, it is likely that the Ninth Circuit will resolve the appeal soon.

A Rule 33 new trial motion does not toll the statute of limitations for filing a § 2255

---

[2] This petition has a complex history.  Initially, in 2007, the Central District construed the petition as one brought under § 2255 and dismissed it as successive to the motion described in Footnote 1.  Petitioner appealed.  In the interim, the Ninth Circuit had allowed Petitioner to withdraw that prior petition.  The Ninth Circuit thus vacated the Central District's order because, under *Castro*, the withdrawn petition did not count and the instant petition could not be treated as successive.  [Case No. 07-73122]

The Ninth Circuit also noted that Petitioner sought immediate release from a 1999 criminal case that had been filed and then dismissed in the Central District of California. [Case No. 99-CR-470-PA]  On remand, the Central District determined that Petitioner was not, in fact, being held on a release order issued by that court and again concluded that Petitioner was challenging the criminal conviction from this court.  Petitioner appealed that August 2008 order, but the Ninth Circuit dismissed it because it was not a final order.  [Case No. 08-56621].

Subsequently, Petitioner asked the Ninth Circuit to re-open the 2007 appeal on the petition that had been transferred back to this District.  The Ninth Circuit held "Petitioner may not challenge the Central District of California's order transferring his petition to the Southern District of California *until there is an appeal from a final judgment in the Southern District of California*."  <u>Order</u> (filed Oct. 1, 2008) [Case No. 07-73112].

[3] There are two subsidiary motions – one captioned as "Request to Refer Misconduct by Government Attorneys" and a second labeled as "Motion for Default Judgment."

1  motion. *Barnes v. United States*, 437 F.3d 1074, 1077-78 (11th Cir. 2006) (per curiam);
2  *Trenkler v. United States*, 268 F.3d 16, 23 (1st Cir. 2001).

### C. Final Judgment on Direct Appeal Started Statute of Limitations

On August 5, 2008, the Ninth Circuit issued a memorandum decision in the direct appeal, affirmed the conviction and sentence, and entered judgment. [Case No. 06-50344]. (The mandate was filed on September 8, 2008). Because Petitioner did not seek a writ of certiorari, the criminal judgment became final 90 days after the entry of the Ninth Circuit's judgment; consequently, the one-year statute of limitations for filing a § 2255 motion began to run on November 3, 2008. *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000).

## II. Discussion

### A. Objection to Recharacterization of Motion

Petitioner complains that the Central District did not notify him that it intended to construe his § 2241 petition as one under § 2255, as required by *Castro*, before it transferred the matter to this District. Judicial Notice at 2 ¶ 4. [Doc. No. 176]. He also denies that his claims arise under § 2255. *Id.* ¶ 5 ("This is not a § 2255 and must not be accepted as a § 2255 by the Southern District of California.").

The court has reviewed the claims raised in the petition and finds that they are actually claims that should be brought in a § 2255 motion.

Petitioner claims that he was extradited from Mexico on the indictment filed in 1999 in the Central District, but improperly tried on different charges in the Southern District. He contends that when those charges were dismissed in 2005, he should have been released and given an opportunity to apply for asylum or to return to Mexico. As that procedure was not followed, Petitioner claims that he was abducted and kidnaped by United States Marshals in Los Angeles. He further alleges that the Assistant United States Attorney on the Central District case conspired to hold Petitioner illegally. In his supplemental brief, he alleges that his arrest on the charges in this District was illegal and that his speedy trial rights were violated.

/ / /

1    Although Petitioner mentions the criminal charges that had been filed in the Central
2 District, that case was dismissed on a judgment of discharge in 2005.  Immediately
3 thereafter, Petitioner was arrested on a criminal complaint filed in this District  and he
4 remains "in custody" on this court's June 2006 judgment.  His challenges about the
5 circumstances of his detention, whether in Mexico or Los Angeles, and his prayer for
6 immediate release are directed at the criminal proceedings conducted by this court.  These
7 claims seek relief that cannot be brought in a § 2241 motion, but must be brought in a §
8 2255 motion to vacate.

9    In the usual case, the court would warn Petitioner that the court intends to
10 characterize the instant petition as a motion to vacate and provide him with various options,
11 including an opportunity to withdraw the recharacterized motion so that it would not count
12 as a motion to vacate.  *Castro*, 540 U.S. at 382; *United States v. Seesing*, 234 F.3d 456, 463
13 (9th Cir. 2000).  Here, however, it is clear that Petitioner is familiar with his options because
14 his objection raises the issue of *Castro* warnings, and this court provided those warnings in
15 connection with an earlier petition.  *See supra* footnote1.  Moreover, Petitioner has already
16 filed an objection to protest the recharacterization of the petition.  Petitioner argues that the
17 "District Court cannot convert a first § 2241 into a § 2255" and states that his § 2241 petition
18 "should not be construed as a § 2255 by the Southern District."   Judicial Notice at 2.
19 Petitioner has clearly stated that he does not want this District to treat his petition as one
20 brought under § 2255; therefore, the court construes his objection as a request to withdraw
21 the transferred petition.  The court grants that request and deems the motions docketed in
22 the criminal case as "withdrawn."

23    Consequently, this petition will not count as a first motion to vacate for purposes of
24 applying the "second or successive" rule to Petitioner's challenge to the underlying criminal
25 conviction.  *United States v. LaFramboise*, 427 F.3d 680 (9th Cir. 2005).

26    **B. Pending Appeal of New Trial Motion Does not Toll Statute of Limitations**
27    One complication remains because the pending appeal of the denial of the new trial
28 motion does not toll the one year statute of limitations for filing a § 2255 on the underlying

conviction.[4]  *United States v. Prescott*, 221 F.3d 686, 688-89 (4th Cir. 2000).  In order to comply with the *Castro* and *Seesing* decisions to warn the *pro se* prisoner of the potential consequences of a decision to withdraw the instant petition and to avoid a "detrimental impact" on Petitioner's right to file a § 2255, the court advises Petitioner that the one-year statute of limitations has begun to run and that if he chooses to seek § 2255 relief in this District he must do so before that time period expires.  *Seesing*, 234 F.3d at 464 ("the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion *within the one-year statutory period*.") (emphasis added); *Adams v. United States*, 155 F.3d 582, 584 n.2 (2d Cir. 1998) ("In giving notice to the movant on the issue of recharacterization, care should be taken to advise him of this [one-year] limitation period."); *O'Connor v. United States*, 133 F.3d 548, 550-51 (7th Cir. 1998) (when prisoner files both a Rule 33 motion and a § 2255 motion, district court should not "jeopardize[] the defendant's opportunity for one complete collateral attack, or both.").

## Conclusion

The court treats Petitioner's objection to the recharacterization of the instant petition as a motion to vacate as his request to withdraw the pending motion(s).  The court grants the request and deems the motion(s) withdrawn.  The clerk shall terminate Docket Nos. 174 and 175 in Case Number 05CR1746-LAB and terminate the civil action.

**IT IS SO ORDERED**.

DATED: March 11, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[4] A district court should not consider a § 2255 motion while the federal prisoner has a direct appeal pending in the Circuit absent unusual circumstances. *United States v. Deeb*, 944 F.2d 545, 547 (9th Cir. 1991); *Feldman v. Henman*, 815 F.2d 1318, 1320-21 (9th Cir. 1987); *Jack v. United States*, 435 F.2d 317 (9th Cir. 1970) (per curiam).  Here, the pending appeal of Petitioner's Rule 33 motion involves a collateral matter rather than a direct criminal appeal. *Cf. Gordon v. United States*, 634 F.2d 638 (1st Cir. 1980) (in a case decided before the law restricted successive filings, district court will not entertain a second § 2255 motion while first § 2255 motion on appeal); *see also Trenkler*, 268 F.3d at 23-24 (district court can consolidate Rule 33 motion with § 2255 motion to coordinate duplicative proceedings).